# Wimer *versus* Overseers of the Poor of Worth Township.

1. A quasi-municipal corporation, such as the overseers of the poor of a township, has only the powers which are conferred by statute, and acts done by it in excess of such powers are void.

2. Where a legal obligation exists, a cumulative promise to perform it, unless upon a new consideration, is a nullity.

3. A. contracted with B., to support her during life, and to bury her at death. B. afterwards became a charge on the poor district of W. township. The overseers of the poor of said township took a bond from A., for a certain sum payable in instalments, and in consideration thereof executed to A. a release from his obligation to support B. The overseers supported B. during her life, and buried her at death, and A. paid to them a sufficient sum to reimburse them for such expenses. *Held*,

(1) That the said release by the overseers to A. was ultra vires and void, and that A.'s bond to them was, therefore, without consideration.

(2) That the overseers had no claim on A. for instalments subsequently accruing on said bond.

[Wimer *v.* Worth Township.]

October 16th 1883.    Before MERCUR, C. J., GORDON, PAX-
SON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

ERROR to the Court of Common Pleas of *Butler county :*
Of October and November Term 1883, No. 186.

Feigned issue upon the opening of judgment on a bond and
warrant of attorney, wherein the overseers of the poor of
Worth township were plaintiffs, and Samuel Wimer was de-
fendant, to determine the question of defendant's liability.
Said bond was executed by said defendant to the plaintiffs, in
the penal sum of $3,000, the condition of which was as fol-
lows :

"That if the above bounden Samuel Wimer, his heirs,
executors or administrators, shall and do well and truly pay, or
cause to be paid unto the said overseers of the poor of Worth
township, their executors, administrators or assigns or success-
ors in office, the sum of fifteen hundred dollars, in payments as
follows, to wit : one hundred and fifty dollars each year on the
1st day of August, the first payment to be made on the 1st day
of August, 1875 ; the said fifteen hundred dollars to bear inter-
est from date until the whole of said fifteen hundred dollars
with interest from date is paid without any fraud or further
delay, then this obligation to be void, otherwise to be and
remain in full force and virtue."

The facts, as they appeared on the trial, before BREDIN, J.,
were as follows :

Samuel Wimer for a valuable consideration contracted to
support and maintain Eleanor Hines for the rest of her life
and bury her at her decease.   She afterwards left Wimer's
home and became a charge on Worth township.   Its overseers
of the poor applied to Wimer for the expenses of her mainte-
nance, whereupon he gave them the bond recited above, by
which he agreed that in consideration of the maintenance of
the pauper by the township, and her burial after death, and a
release of his liability in the premises, he would pay the town-
ship $1,500 in ten annual instalments of $150 each.   Upon
the execution of this bond, the overseers gave Wimer a written
release, which purported to extinguish all further liability on
his part for the care of said pauper.   Eleanor Hines lived seven
years after this arrangement was made, and during that time
was maintained by the township, and then buried at its ex-
pense.   Wimer paid seven of the annual instalments, and it
was admitted that the amount so paid exceeded that incurred
by the township in the care of said pauper.   Wimer refused to
pay the remaining three instalments falling due after her
death, claiming that the overseers had no power to make the
agreement, and also that it was without consideration.   Judg-

ment was then entered on his bond, which was opened, and this feigned issue was awarded.

The defendant presented the following points:

3. The release being void is not a legal consideration. Mr. Wimer's bond and the residue thereof now in suit is wholly without consideration and void.

Answer. We refuse that. The township never having repudiated the contract, but having carried out the same on their part, Wimer is estopped now from denying the obligation on his part.

4. The bond having been executed by Wimer in consideration alone of being released from all liability to support Nellie, it is without sufficient consideration as to the instalments not yet paid.

Answer. We refuse that. The township having acted on the agreement, and carried it out in good faith, we think they are entitled to recover the balance of the bond.

Verdict for the plaintiffs for $660.75, and judgment thereon. The defendant took this writ of error, assigning for error the answers to his points.

*Thompson* (*McCandless* with him), for the plaintiff in error.—The only consideration of the bond was the alleged release. This court has already held that the attempt by the poor district to release Wimer was inoperative, being ultra vires: Humphrey Ex'r v. Worth Twp., 3 Out. 185. This being so, there was no legal consideration, and the bond is void: Maurer v. Mitchell, 9 W. & S. 69.

*I. Z. Mitchell* (with him *G. W. Fleeger*), for the defendants in error.—The plaintiff in error is estopped by his own conduct from setting up the defence of ultra vires. Having had the advantage, he must bear the burden of the contract. When it is a simple question of capacity to contract, a party who has had the benefit of a contract with a corporation, is estopped from denying its validity. A party having borrowed money from a corporation, cannot defend on the ground that the corporation had no authority under its charter to make the loan: Herman on Estoppel 532; Wright v. Antwerp Pipe Co., 12 W. N. C. 326.

Mr. Justice TRUNKEY delivered the opinion of the court, November 12th 1883.

The bond and release evidence an agreement between Wimer and the overseers of the district, that Wimer would pay fifteen hundred dollars in annual payments of one hundred and fifty dollars, for which the district would support Eleanor Hines during life, and at her death provide for her burial. At the

[Wimer *v.* Worth Township.]

date of this transaction, Eleanor Hines, by due adjudication, was a pauper and a charge upon the poor district of Worth; and Wimer was bound by contract with her to maintain her during life, and at her death pay the expenses of her burial. It is admitted that the district maintained her while she lived, and paid her funeral expenses, and that Wimer has paid to the district a sum more than sufficient to reimburse the amount so expended.

An act of a municipal corporation, done in an attempt to exercise power not possessed by it, is void. There is no distinction in reason between the cases of entire absence of enactment conferring power, and a prohibition of its exercise beyond a certain limit. In one case power is not granted, in the other it is expressly withheld, and in each there is a total absence of authority: McPherson *v.* Foster Bros., 43 Iowa 48. The object of a municipal corporation is municipal government, and what this means is not learned from business usage, but from the legislation of the state. Hence there is a tendency to limit the contracts of municipal corporations much more strictly than the contracts of private corporations. But when a municipal corporation is authorized to perform certain business duties, as to issue bonds or subscribe stock, it may be estopped by false recitals, as against bona fide purchasers: 1 Whart. Cont. § 143

Here there can be no pretence of legislative authority for making the contract. It concerns nothing but the care and support of a pauper, and the sole and entire duty of the overseers is to provide for the poor of the district. They could not relieve Wimer, wholly or partly, from his obligation to maintain the pauper during life; they had no right to exact from him a greater sum than reasonably necessary for her maintenance. Wimer obtained by his contract with the overseers, an empty promise, binding neither them nor their successors in office. If they obtained a promise in the bond for less than Wimer was already bound to pay, he was not relieved; if for more, it is a speculation they should not be permitted to enforce. At the date of the contract it was the duty of the overseers to provide for the pauper and collect the expenses from Wimer. Where is the consideration for a promise to pay more than the expenses?

Where a legal obligation exists, a cumulative promise to perform it, unless upon a new consideration, is a nullity. Such promise adds nothing to and takes nothing from the original obligation. Even a promise to pay a specific sum on account of a liability for unliquidated damages is invalid, unless the promise be conditioned upon some new consideration, such as delay or forbearance or release. A promise cannot be conditioned on a promise to do a thing to which a party is already legally

bound ; for instance, a promise to pay a witness extra fees for his attendance at court is invalid : 1 Whar. Cont. §§ 489. 500. See Robb Adm'r v. Mann, 11 Pa. St. 300.

The overseers were legally bound to do just what they agreed to do and all that they did for the pauper. Wimer was legally bound to pay all their expenses for the pauper, and he has paid them. This is not a simple question of capacity to contract where a party having had the benefit of a contract with a corporation attempts to deny its validity. Remark is unnecessary to distinguish it from the case of a party who borrowed money from a corporation and seeks to avoid payment on the ground that the corporation had no authority to lend the money. This is the case of a quasi municipal corporation created for the purpose of making necessary provision for poor persons within its territory, that did no more for a pauper than was required of it by law, that has received payment from one who owed support to the pauper, and from whom the district could lawfully collect the expenses, and that now seeks to recover a sum in excess of the expenses upon a void contract on the ground that it performed its part of the contract in the mere performance of its statutory duty. We are of opinion that the plaintiff is not entitled to recover.

Judgment reversed.