# Boatwright *v.* Scheuer, Wise & Co.

## *Assumpsit.*

(Decided June 8, 1914.   Rehearing denied November 10, 1914.
66 South. 819.)

*Bills and Notes; Consideration; Pre-Existing Indebtedness; Detriment to Promisee.*—Where the note was executed by the general manager of a company, and the owner of 30 per cent of the capital stock to secure a past due debt of the company to plaintiff, under an arrangement whereby the company was discharged and a new debt created binding on the promissor alone, the detriment to the promise from the extinguishment of his demand against the original debtor was a valuable consideration to support the note, where there was no showing that the company, although bankrupt had been discharged from the debt, or that it was wholly without assets; it being immaterial that the detriment is of a trifling character, unless it was utterly worthless.

APPEAL from Butler Circuit Court.

Heard before Hon. A. E. GAMBLE.

Assumpsit by Scheuer, Wise & Company against W. T. Boatwright.   Judgment for plaintiff and defendant appeals.   Affirmed.

WILLIAM H. & J. R. THOMAS, and R. B. SMYTHE, for appellant.   The defendant could impeach by parol evidence the consideration expressed in the note.—*Hart v. Life Assn.,* 54 Ala. 498; *Ragsdale v. Gresham,* 148 Ala. 308.   A want of consideration is a clear defense if it could be shown that the notes were executed for a past due indebtedness of a corporation as there could be no consideration moving to defendant to secure the indebtedness of the corporation.—*Richardson Bros. v. Fields,* 124 Ala. 535.   It follows, therefore, that the court erred in directing a verdict for plaintiff.

POWELL & HAMILTON, for appellee.   The testimony without conflict showed that the notes sued on were

given in settlement of an indebtedness due and owing appellee by the Georgiana Supply Co. This was a sufficient consideration and made the notes valid. Under the undisputed testimony appellee was entitled to the general affirmative charge. The rulings therefore of the court as to the admission of testimony, if error was without injury to appellant.—*Underwood v. Loveless,* 61 Ala. 155; *Thornton v. Guice,* 73 Ala. 321; *Carlisle v. Campbell,* 76 Ala. 247; *Smith Bros. & Co. v. Miller,* 152 Ala. 485.

PELHAM, J.—Suit was brought by the appellee against the appellant in the trial court on five promissory notes. The defense relied upon by appellant, as the defendant in the court below, was that the notes were executed by him without consideration to secure a past-due indebtedness of the Georgiana Supply Company, a corporation.

The evidence introduced on the trial was in conflict as to whether the debt due from the Georgiana Supply Company to the appellee was evidenced by a note or notes on which the appellant was surety, or was on an open account; but the undisputed evidence showed that the notes sued on were given by the appellant and accepted by the appellee in settlement of the indebtedness due and owing to appellee from the Georgiana Supply Company, of which company the appellant was general manager and owner of 30 per cent. of the capital stock. Whether the past-due indebtedness of the Georgiana Supply Company to the appellee was evidenced by notes or was on an open account, the evidence clearly shows without conflict that the indebtedness of the company was settled by the notes given by the defendant that were sued upon in this action. The defendant himself testified that the notes given by him were in settlement

of the indebtedness due from the company to the plaintiff.

Under the undisputed testimony, the transaction between the parties resulting in the defendant's giving the notes in suit was an arrangement whereby the original debtor was discharged and a new debt created binding on the defendant alone, the promisor on the notes, and this would afford a valuable consideration to support the promise evidenced by the notes. The payee named in the notes sustained the detriment of an extinguishment of his demand against the original debtor, and this is sufficient consideration.—*Underwood v. Lovelace,* 61 Ala. 155.

The fact that the original debtor, the Georgiana Supply Company, had gone out of business and was a bankrupt would not alter the situation. There was no attempt made to show that the bankrupt had been discharged and relieved of the payment of this indebtedness at the time the notes were given, or that the company was utterly without assets of any kind that might be applied on the payment of its indebtednesses. Unless the obligation of the original debtor is entirely worthless, its extinguishment is sufficient detriment and will furnish support as a valuable consideration for the promise as between the promisor and the creditor who parts with and loses his right to proceed against the original debtor. It is immaterial that the detriment is of the most trifling nature; unless utterly worthless, it is sufficient consideration to support a promise.—*Maull v. Vaughn,* 45 Ala. 134.

The general charge requested by the plaintiff (appellee) was properly given by the trial court, and its judgment will be affirmed.

Affirmed.