### WHITAKER et al. v. HOFMAYER DRY GOODS CO. (4 Div. 117.)

(Supreme Court of Alabama. April 24, 1924.)

1. **Appeal and error**  1040(7)—Error in ruling out plea setting up defense of which defendants had full advantage harmless.

Error in sustaining demurrer to plea setting up defense of which defendants had full advantage under other pleas is harmless.

2. **Bills and notes**  514—Evidence that indorsers were stockholders of company executing notes held admissible to show consideration moving to them.

In action on notes, which defendants claimed to have indorsed as sureties, after delivery and acceptance, without further consideration moving to them, evidence that defendants were officers and stockholders of company executing notes, which were given to extend time for payment of past-due indebtedness, *held* relevant as tending to show that they had interest to be served by proposed indulgence.

3. **Witnesses**  364 — Cross-examination of indorsers of note sued on as to interest in company executing them held proper as affecting credibility.

In action on notes, which defendants claimed to have indorsed as sureties, after delivery and acceptance, without further consideration to them, evidence, on their cross-examination, that they were officers and stockholders of company executing note at time of indorsements, *held* admissible as shedding light on credit due them as witnesses.

4. **Bills and notes**  502—Notes sued on held properly admitted without preliminary proof of execution or indorsement.

Notes purporting to have been signed by corporation and indorsed by individuals sued thereon *held* properly admitted without preliminary proof of execution or indorsement, in absence of plea denying such facts. Code 1907, § 5332.

5. **Appeal and error**  758(3)—Supreme Court need not cast about for error, assigned en masse, in refusal of charges.

Where charges refused are assigned for error en masse and brief asserts generally that they state correct principles of law applicable to case, Supreme Court need not cast about for error.

Appeal from Circuit Court, Geneva County; H. A. Pearce, Judge.

Action on promissory notes by the Hofmayer Dry Goods Company against W. W. Whitaker and R. L. Metcalf. Judgment for plaintiff, and defendants appeal. Affirmed.

E. C. Boswell, of Geneva, for appellants.

Proof that defendants were stockholders in the corporation, maker of the note, was admissible. Magnolia Shingle Co. v. J. Zimmern's Co., 3 Ala. App. 578, 58 South. 90; Owensboro Wagon Co. v. Bliss, 132 Ala. 253, 31 South. 81, 90 Am. St. Rep. 907; Marbury

---

 For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Lbr. Co. v. Hunter, 169 Ala. 503, 53 South. 1028; McKleroy v. Gadsden Land & Imp. Co., 126 Ala. 184, 28 South. 660; Montgomery Traction Co. v. Harmon, 140 Ala. 505, 37 South. 371; Sampson v. Fox, 109 Ala. 662, 19 South. 896, 55 Am. St. Rep. 950. The notes in suit should not have been admitted in evidence over objection of defendants. Montgomery Bank & Trust Co. v. Jackson, 190 Ala. 412, 67 South. 235; Hundley v. Hewitt, 195 Ala. 653, 71 South. 419; L. & N. R. R. Co. v. Martin, 198 Ala. 548, 73 South. 909.

C. D. Carmichael, of Geneva, for appellee.

The notes were properly admitted in evidence, since defendants had not questioned them by plea. Evidence that defendants were stockholders in the debtor corporation was admissible.

SAYRE, J. [1] If there was error in sustaining plaintiff's (appellee's) demurrer to defendants' plea numbered 2, it was harmless for the reason that defendants had full advantage of the same defense under other special pleas.

[2, 3] Defendants were sued as indorsers of two promissory notes executed by the Metcalf Company, a corporation, and payable to plaintiff. The Metcalf Company was indebted to plaintiff in an amount long past due, and the notes in suit were given to close the account and extend the time of payment. These appellants defended on the ground that, after the transaction, in the course of which the notes were given, had been consummated and the notes delivered and accepted, they indorsed the same as sureties without further consideration moving to them or their principal (Richardson v. Fields, 124 Ala. 535, 26 South. 981), and offered testimony tending to sustain their contention. But the testimony as to this was in dispute; that adduced by plaintiff going to show that it had refused to accept the notes, thereby extending the time of payment, unless and until these defendants indorsed the same. As relevant to the issue thus presented, plaintiff was allowed to show on the cross-examination of defendants, and over their objection, that, at the time of the alleged indorsements, they were officers and stockholders of the Metcalf Company. This evidence was relevant on more than one ground: It tended to show that defendants, as stockholders at least, that is, as ultimate owners in part of the debtor corporation—though under no legal duty to use their individual pecuniary means to assist it in its difficulties—had an interest to be served by the proposed indulgence and so that the consideration for these notes moved in part to them, and for like reason it also shed light on the credit due to them as witnesses.

[4] The notes declared on and offered in evidence by plaintiff purported to have been signed by the Metcalf Company and to have been indorsed by defendants were properly admitted in evidence without preliminary proof of their execution or indorsement, in the absence of a plea denying such execution or indorsement. Code, § 5332; Espalla v. Wilson, 86 Ala. 490, 5 South. 867.

[5] Charges refused to defendants are assigned for error en masse, and the assertion of the brief is general that they state correct principles of law, applicable to the case at bar, and their refusal was error. In these circumstances this court is under no duty to cast about for error. However, the charges have been read without disclosing error.

The motion for a new trial, overruled in the trial court, presents only questions which have been stated and decided in what has been said heretofore. No further discussion is necessary.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.