(104 So. 761)

## FOURTH & FIRST NAT. BANK OF NASHVILLE, TENN., v. HUNTSVILLE BANK & TRUST CO.  (8 Div. 687.)

(Supreme Court of Alabama.  March 19, 1925. Rehearing Denied May 28, 1925.  Rehearing Stricken June 25, 1925.)

Banks and banking  ⊜⟶116(1)—Knowledge of general manager of bank of bank's lien on stock at time of transfer as collateral held imputable to bank, which thereby waived its lien.

Where vice president and general manager of bank transferred his bank stock as security for personal loan to him, with knowledge that bank had a lien on such stock, *held*, that his knowledge was imputable to bank, which thereby waived its lien on such stock.

Appeal from Circuit Court, Madison County; James E. Horton, Jr., Judge.

Bill in equity by the Huntsville Bank & Trust Company against William R. Hutton and the Fourth & First National Bank of Nashville, Tenn. From a decree for complainant, respondent bank appeals. Reversed and rendered.

The bill alleges the subscription by Hutton for certain shares of stock in the complainant corporation and the issuance of such stock to him; that Hutton became and is now indebted to complainant; that complainant is advised and charges that for such indebtedness it has a statutory lien upon the stock so issued to Hutton superior to any other lien; that complainant is advised said Hutton is indebted to respondent bank, which bank claims the pledge by Hutton to it of certain shares of stock in complainant bank at the time he became so indebted to respondent bank. It is prayed that a lien be filed and established upon the stock of Hutton for the payment of his said indebtedness to complainant and determined to be prior to any lien claimed by respondent bank, and that said stock be sold for the payment of said indebtedness to complainant.

Respondent bank by its answer asserts that at the time Hutton became indebted to respondent he was vice president of complainant bank; that complainant permitted Hutton to hold as his own and pledge stock in complainant corporation, notwithstanding his indebtedness to complainant, and with knowledge and notice of the transfer of said stock to respondent, and without protest, permitted said Hutton to so negotiate the same with full knowledge of the fact that respondent had no knowledge of the claim or debt of complainant against Hutton; and that complainant is estopped from asserting claim to such stock.

Percy D. Maddin and Lewis Leftwich, both of Nashville, Tenn., and Lanier & Pride, of Huntsville, for appellant.

When an officer or agent is clothed with general authority by the corporation, third parties have the right to deal with him as though dealing with the corporation itself. Jerome H. Sheip, Inc., v. Baer, 210 Ala. 231, 97 So. 698; Wynn v. Tallapoosa Co. Bank, 168 Ala. 469, 53 So. 228. Notice or knowledge of an agent is knowledge of the principal, even though the agent is engaged in committing a fraudulent act, or taking advantage to himself in a transaction, when the agent is the sole representative of the principal therein. Tatum v. Comm., B. & T. Co., 193 Ala. 120, 69 So. 508, L. R. A. 1916C, 767;

---

⊜⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

First Nat. Bank v. Laughlin, 209 Ala. 349, 96 So. 206; Hall & Brown v. Haley Fur. Co., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924; Birmingham Trust Co. v. Louisiana Nat. Bank, 99 Ala. 379, 13 So. 112, 20 L. R. A. 600; Harris v. American B. & L. Asso., 122 Ala. 545, 25 So. 200; Bank of Florala v. American Nat. Bank, 199 Ala. 659, 75 So. 310; 21 C. J. 1202.

R. E. Smith and Cooper & Cooper, all of Huntsville, for appellee.

Complainant had a lien on the stock of Hutton for his indebtedness to it. Code 1923, § 7000; Mobile v. Cullom, 49 Ala. 558; Birmingham Trust Co. v. East Lake Co., 101 Ala. 304, 13 So. 72. Appellant should have informed itself as to any debts due by Hutton to complainant. Birmingham Trust Co. v. East Lake Co., supra. It was necessary that the transfer of the stock be entered on the books of the complainant. Code 1923, §§ 6994, 6997; Holliwell on Stockholders, §§ 39, 166; 1 Jones on Liens, § 379; 2 Cook on Corp. (2d Ed.) §§ 527, 623; 3 Thompson on Corp. § 3246. Respondent was chargeable with notice of the limitation of power in Hutton, personally interested in the transaction. 1 Michie, Banking, 723; Moores v. Citizens' Bank, 111 U. S. 156, 4 S. Ct. 345, 28 L. Ed. 385; Mobile T. & W. Co. v. First Nat. Bank, 201 Ala. 419, 78 So. 797.

ANDERSON, C. J. This case is quite similar to its companion, First National Bank of Chattanooga v. Huntsville Bank & Trust Co., 104 So. 760;[1] the only difference being that the notes and certificates in the consummation of this loan were sent directly by Hutton to the Nashville Bank, instead of through the Huntsville Bank, as in the other case. It also seems that Hutton was the vice president when this transaction occurred, instead of cashier, as in the other case; but the evidence shows that he was still the general manager of the Huntsville Bank—in a sense, its alter ego. True, Hutton was acting in his individual capacity when borrowing from the Nashville Bank and in transferring the certificates, and in ordinary cases of principal and agent notice to the agent would not be imputable to the principal, when the transaction was an individual one and not for or in behalf of the principal. But this is not the ordinary case of principal and agent and is one where the general manager, the alter ego of the corporation, though acting in an individual capacity, is the only officer of the Huntsville Bank who knows of the transaction and notice that he possesses as man must be imputed to him as officer of the bank. As officer and man, the positions, under the circumstances, cannot be disassociated. Should he have reported the fact, he would have done so to the general mana-

ger himself. Or, should the Nashville Bank have made inquiry as to whether or not the Huntsville Bank held a lien, it would naturally have been made to Hutton, and if Hutton could have waived the lien affirmatively, he could do so by silence in the nature of an estoppel. As was said in the case of Lea v. Iron Belt Co., 147 Ala. 430, 42 So. 418, 8 L. R. A. (N. S.) 279, 119 Am. St. Rep. 93, after drawing a distinction between an ordinary agent and a general manager:

"He was, as we have said, to all intents and purposes the corporation itself. It could be nothing but the sheerest nonsense to say that as agent he should communicate the knowledge to himself as the managing representative of his corporation. Since the corporation could acquire notice in no other way than by and through its managing head or officer, it will scarcely be doubted that notice to such officer is of necessity notice to it."

Therefore, notice to Hutton when transferring the stock was imputable to the bank of which he was general manager, notwithstanding he was personally interested in the transaction, and the bank, being chargeable with such notice, waived its lien upon the stock by permitting the Nashville Bank to acquire the same for value without objection or protest.

In the case of Mobile Towing Co. v. First National Bank, 201 Ala. 419, 78 So. 797, no point was made or suggested that H. T. Hartwell, who assigned the stock, was the general manager of the corporation and was in a position to waive its lien, but reliance was had only upon an inquiry and reply which was made after the bank had acquired the stock.

The trial court erred in granting the appellee relief, and the decree is reversed, and one is here rendered dismissing the bill of complaint.

Reversed and rendered.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.

### On Rehearing.

ANDERSON, C. J. Counsel for appellee contend that this court has not properly grasped the facts in this case, and which are totally different from those involved in the Chattanooga Bank Case. We think the foregoing opinion fairly notes the material points of difference, and that we were not in error in stating that the two were companion or kindred cases, and we are borne out in this by the statement of counsel during the oral argument and who in fact argued the two cases together. We stated in the foregoing opinion that the official position of Hutton was different in this transaction from what it was in the Chattanooga Bank Case, and we are not now, nor were we then, unaware of a distinction ordinarily between the duties of the cashier of a bank and its president or vice president, and we are also cognizant of

[1]Ante, p. 236.

the fact that the duty of making loans generally devolves upon the cashier. But this is not an ironclad rule and does not preclude the governing board of the bank from placing this authority upon some other official, and it seems that this authority was vested in Hutton and him alone, whether he was cashier, vice president, or president. We repeat that the evidence shows that Hutton was in legal effect the alter ego of the Huntsville Bank. We quote from the evidence of complainants' witness Gilliam:

"W. R. Hutton, from the time he was connected with the complainant bank, was an officer of such bank. He was first cashier, and held this position until after I became connected with the bank, when he became vice president, and before retiring from the bank he became president. He had that position when he retired from the bank. W. R. Hutton was in sole charge of the making of the loans of the bank from the time I became connected with the bank in 1917 and until the said Hutton retired from the bank in January, 1922."

We may add that this case was not only considered carefully by this section of the court both upon original consultation and again upon rehearing, but in the meantime a case involving almost this identical question had been submitted to the other section of the court, and upon consideration of said case the foregoing opinion was considered, approved, and followed. See Malone, Adm'r, v. Merchants' & Farmers' Bank, ante, p. 215, 104 So. 758.

The application for rehearing is overruled.

SOMERVILLE, THOMAS, and BOULDIN, JJ., concur.