(133 So. 46)

**GREEN, Superintendent of Banks, v. RAY.**

6 Div. 846.

Supreme Court of Alabama.

March 19, 1931.

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellant.

Stokely, Scrivner, Dominick & Smith, of Birmingham, for appellee.

GARDNER, J.

The note here sued upon was executed by defendant, payable to the Woodlawn Savings Bank, the affairs of which are now being administered by the state superintendent of banks.

The defense is a want of consideration, the defendant insisting that the note was but the result of a scheme of Dr. Bell, president of the bank, to promote a sale of stock amounting to $40,000 for Dr. Wallace in the Fraternal Hospital. The testimony of defendant's witnesses tends to establish this defense and to show that no consideration moved to defendant, nor was it understood that any consideration whatever was to move to him, but that the note with the stock thereto attached was to remain with Dr. Bell until Dr. Stephens, to whom the sale was negotiated, should pay the note and take up the stock. It is without dispute that no money was paid defendant by the bank, and no credit given for any amount on account thereof.

Plaintiff insists that the testimony of the witnesses, embracing transactions with Dr. Bell, the deceased president of the bank, establishing the above-noted defense, was incompetent as violative of section 7721, Code of 1923, and directs attention, first, to that of Dr. Wallace, shown to be a stockholder in the bank. Buye v. Ala. Marble Quarries, 199 Ala. 589, 75 So. 9.

But it is an answer to this objection that this witness was called to testify by defendant, the party to whom the interest of the witness as a stockholder is opposed. The argument therefore overlooks this exception in the statute. Section 7721, Code, supra; German v. Brown, etc., 145 Ala. 364, 39 So. 742; Kirby v. Brooks, 215 Ala. 507, 111 So. 235.

The objection to the testimony of the witness Emens is likewise not well taken. The witness is not a party to this suit, and no judgment can here be rendered against him, nor will the judgment rendered be legal evidence for or against him in another action.

Under the rule established by the decisions construing this statute, the mere fact that he also executed a note as a part of Dr. Bell's scheme, which note is held by the bank, does not render him incompetent as pecuniarily interested in this suit. Hardy v. Killingsworth, 174 Ala. 322, 56 So. 965; Oliver v. Williams, 163 Ala. 376, 50 So. 937; Madison v. Robinson, 95 Fla. 321, 116 So. 31.

But the defense above noted presented a question for the jury. The note was signed by defendant in the original sum of $5,100, payable to the Woodlawn Savings Bank, and found among its assets, and placed on the liability account of defendant with said bank. In the space on the face of the note left blank for description of collateral securities are the words "50 Fraternal Hospital," and attached to said notes were five certificates of stock of the Fraternal Hospital, duly issued in defendant's name; each certificate being in the amount of ten shares. Defendant admits that this stock was issued to him and put in his hands, and that he turned it over to Dr. Bell; that the Fraternal Hospital subsequently failed and went out of business, and that he "never questioned this note until after the Fraternal Hospital went bursted";

that he had executed a renewal note, and did not question the note until the hospital failed, and did not do so then until after the bank failed, and he notified the bank that he would not pay it.

■ The jury might accept defendant's theory of defense that there was no consideration for the note, or, on the other hand, they may reasonably infer that the transaction in fact represented a purchase by defendant of the stock which constituted the collateral for the note, the proceeds of which when paid, it appears, would go to Dr. Wallace, who owned the same, and for whose benefit the sale was being negotiated. It was therefore not necessary that the consideration for the note move from the bank, if this latter theory be accepted. That the consideration of a note need not pass from the promisee was decided in Green, as Supt. of Banks, v. Martin (Ala. Sup.) 132 So. 882, present term. The court, at defendant's request, gave to the jury the following charge: "If you are reasonably satisfied from the evidence that the Woodlawn Savings Bank did not pay any consideration to Dr. Ray for the note in question, you should return a verdict for the defendant."

■ This charge narrows the question of consideration as moving from the payee alone, while, as above indicated, the jury may infer there was a valid consideration in the actual purchase of the stock. The giving of this charge constitutes error to reverse. Assignment of error No. 5.

Upon like reasoning, defendant's given charge constituting the sixth assignment of error is condemned.

■ Defendant's given charge constituting the seventh assignment of error was abstract, as we find no evidence of any agreement as to indorsement of the note of Dr. Stephens. Whether otherwise faulty, we need not determine, but, in view of the argument and citation of the case of Hall v. Haley Furniture Co., 174 Ala. 190, 56 So. 726, L. R. A. 1918B, 924, we may properly direct attention, in view of the insistence that Dr. Bell was the general manager, and in fact the alter ego of the bank, to the cases of Fourth National Bank v. Huntsville Bank & Trust Co., 213 Ala. 403, 104 So. 761, First National Bank v. Huntsville Bank & Trust Co., 213 Ala. 236, 104 So. 760, and Malone v. Merchants' & Farmers' Bank, 213 Ala. 215, 104 So. 758.

For the errors indicated, let the judgment be reversed.

Reversed and remanded.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.