6 So.2d 896

**SKIPPER et al. v. WRIGHT & COLQUETT.**

4 Div. 692.

Court of Appeals of Alabama.

March 17, 1942.

410

J. W. Hicks, of Enterprise, and Carmichael, Crenshaw & Simmons, of Opp, for appellees.

**SIMPSON, Judge.**

The appellants have appealed from a judgment against them in a suit on a promissory note.

Linnie H. Skipper was president, and principal stockholder, and O. L. Skipper was manager, of a corporation engaged in buying and selling livestock and cattle. O. L. Skipper, the manager, purchased some cattle from appellees, and gave in payment therefor a check of the corporation which was not paid upon due presentment because there were insufficient funds in the bank with which to pay it. Several weeks thereafter, in settlement of the transaction, the appellants executed and delivered to the appellees the note here sued on and appellees caused the check to be endorsed and delivered to appellants.

The defense interposed in the lower court and insisted upon here is that the

Yarbrough & Beck, of Enterprise, for appellants.

note was without consideration. The trial court, sitting without a jury, ruled otherwise and we are impressed that he was correct in this conclusion.

█ The findings of fact of that court, where the evidence was ore tenus (or partly so), have the force and effect of a verdict of the jury and will not be disturbed upon appeal, unless clearly wrong. 2 Alabama Digest, Appeal and Error, ☞ 1008(1).

█ In determining the correctness of these findings, the reviewing court must consider all of the evidence in its most favorable aspect for the adverse party, and where there is evidence from which a reasonable inference may be drawn adverse to the complaining party, the court upon appeal will not disturb the lower court's conclusions. 2 Alabama Digest, Appeal and Error ☞ 927(7).

█ Reviewing the present record in the light of these well known rules, we are convinced that the judgment of the trial judge should not be disturbed. As of course, the promise here (the note) would be a mere nudum pactum unless supported by a valid consideration. Richardson Bros. & Co. v. Fields et al., 124 Ala. 535, 26 So. 981. Or, stating the principle of law here pertinent: "As a general rule, a debt owed by a third person, for which the obligor has in no way bound himself, and in which he is in no way interested, is not of itself, without there being a discharge, forbearance or other new consideration, sufficient to support the undertaking of the latter on a bill or note." 10 C.J.S., Bills and Notes, p. 608, § 150, subsec. d(1).

But can it be said that the obligors (appellants) were in no way materially interested in settling the "bad" check transaction, or that no other new consideration supported the note? We think not. There are several ways in which it can be reasoned from the facts adduced that the new undertaking (the note) was based upon a valid consideration.

█ The burden rested upon the defendants to sustain their plea. Where such a defense is interposed, the note is prima facie valid and the defendants have the burden of showing want of consideration. Gates v. Morton Hardware Co., 146 Ala. 692, 40 So. 509.

█ Only one defendant (O. L. Skipper) testified, and his testimony did not make it clear that the corporation was without assets at the time the note was given. On the contrary, it appears that there were corporation assets, such as an unexpired lease, a small debt due, and a small amount of money on deposit in the bank. The check of the corporation had some value, though it had not been paid. Therefore, the endorsement and transfer by the appellees of this check to appellants constituted a sufficient consideration for the note. 10 C.J.S., Bills and Notes, p. 612, § 151, subsec. b.

█ Generally, there is sufficient consideration if there is a benefit or advantage to the promisor or a loss, detriment or inconvenience to the promisee. Benefit to the promisor or injury to the promisee is the criterion. 10 C.J.S., Bills and Notes, page 601, § 148, subsec. a; Webb v. McGowin, 27 Ala.App. 82, 168 So. 196, certiorari denied 232 Ala. 374, 168 So. 199.

█ As a rule, and here, the adequacy of the consideration is immaterial. Though trifling, unless utterly worthless, the consideration is sufficient to support the promise to pay. Boatwright v. Scheuer, Wise & Co., 11 Ala.App. 420, 66 So. 819; Maull v. Vaughn, 45 Ala. 134; 10 C.J.S., Bills and Notes, page 603, § 148, subsec. c.

█ Furthermore, the surrender of the check of the corporation and the acceptance of the note of appellants were in effect an extension of time for the payment of the debt. (Whitaker v. Hofmayer Dry Goods Co., 211 Ala. 160, 99 So. 911), or, if not, a discharge of the corporation from liability (10 C.J.S., Bills and Notes, p. 624, § 151, subsec. h) and, in either case, there was a valid consideration for the note.

█ It may also be reasoned, to-wit: O. L. Skipper had committed what is deemed in law, a fraud upon the appellees by obtaining their cattle and paying for them with the corporation check when he knew at the time that there were not and would not be (this reasonable inference from his own testimony) sufficient funds in or credit with the bank for the full payment thereof. Code 1940, Title 14, §§ 233 and 234.

He could have been sued individually for this tort in thus obtaining the appellees' cattle. Fletcher, Cyclopedia Corporations, vol. 3, chap. 11, § 1192; 19 C.J.S., Corporations, p. 281, § 850, subsec. a; 3 C.J.S., Agency, p. 129, § 220, p. 131, § 221, subsec. b; 13 Am.Jur. p. 1018, § 1086; Williams v. Bedenbaugh, 215 Ala. 200, 202(5), 110

**412**

So. 286; Tennessee Chemical Co. v. Cheatham, 217 Ala. 399, 402, 405, 116 So. 420, and authorities cited.

He could have been prosecuted criminally for so obtaining the cattle. Code 1940, Title 14, § 233; Fletcher, Corporations, supra, vol. 3, chap. 11, § 1348; State v. Cooley, 141 Tenn. 33, 206 S.W. 182; 13 Am.Jur., § 1100, p. 1028.

Undoubtedly, settlement of this transaction to the satisfaction of appellees by giving the note was ample consideration to support his promise to pay. 10 C.J.S., Bills and Notes, p. 618 et seq., § 151(1) (3) (5); Webb v. McGowin, supra.

And as to the other signator of the note (the president and principal stockholder of the corporation), other reasons aside, there was also consideration for that promise to pay. The consideration need not necessarily pass from the promisee nor need the benefit be for the promisor. It may be for some third party. Green v. Ray, 222 Ala. 509, 511, 133 So. 46; 10 C. J.S., Bills and Notes, p. 602, § 148, subsec. b.

The conclusion of this court is that the judgment should be affirmed and it is so ordered.

Affirmed.