258 So.2d 715

**FIRST NATIONAL BANK OF BUTLER, a Corp.**

**v.**

**W. A. STURDIVANT et al.**

**2 Div. 547.**

Supreme Court of Alabama.

Feb. 24, 1972.

Wyman O. Gilmore, Grove Hill, Franklin C. Evans, Butler, for appellees.

Zack Rogers, Jr., Butler, Adams, Gillmore & Adams, Grove Hill, for appellant.

### PER CURIAM.

Appellant filed suit against appellees to recover judgment on a promissory note that was secured by a chattel mortgage on two motor vehicles and some logging equipment. The jury returned a verdict for both defendants (appellees) who had jointly signed the note and mortgage. The appeal is from the judgment entered for the defendants pursuant to the jury verdict.

W. A. Sturdivant and James C. Martin, Jr. entered into a business transaction whereby Martin sold to Sturdivant two vehicles and logging equipment for the sum of $15,500.00. Sturdivant paid in cash the sum of $3,500.00, reducing the unpaid purchase price to $12,000.00, which balance both parties borrowed from appellant, exe-

cuting a note and mortgage therefor. The note, which both parties signed, in the sum of $14,496.00, embraced items as follows: $12,000.00 balance for the vehicles and equipment, supra; $1,066.00 interest for twenty-four months; $2.00 recording fee; $348.00 premium on credit life insurance for the two makers; and $1,080.00 hazard insurance on certain items of the mortgaged property. These items add up to the face of the note.

The complaint contains one count claiming the sum of $9,408.33. This was the balance due on the note, dated January 31, 1967, originally for $14,496.00, payable in twenty-four equal monthly installments of $604.00 each, including interest, beginning March 1, 1967. Plaintiff acknowledges credits on said note in the sum of $921.00 on November 14, 1967, and $4,166.67 on October 20, 1969. Plaintiff also claims attorney's fee on the note. The note at the time of suit was in default.

Each defendant filed a plea of general issue and also a plea of no consideration; in addition, Sturdivant filed a plea of set-off in the sum of $6,000.00. This plea alleged that plaintiff converted some of the equipment described in the mortgage. Plaintiff joined issue on these pleas, namely, general issue, no consideration, and set-off.

Assignment of error 6 asserts that the trial court erred in overruling plaintiff's motion for a new trial. Appellant insists in its motion and argues that the verdict is contrary to the great preponderance of the evidence in that, even if the defendants were accorded credit for the maximum amount or amounts to which they were entitled to be credited, there still remained, according to the undisputed evidence, a balance due to plaintiff; also, that the undisputed evidence disclosed that plaintiff was entitled to a verdict for some amount.

Adverse ruling on the motion for a new trial presents a question as to whether or not, under the evidence, the jury was justified in returning a verdict for both defend-

ants, or either, thereby finding that defendants were not indebted to plaintiff.

In the first place, we rule out appellee Sturdivant's contention in his plea of setoff that appellant converted some of the mortgaged equipment to its own use. Defendant Sturdivant placed the value of said equipment at approximately $6,000.00 and claimed credit on the note for value.

We think that Sturdivant wholly failed to establish his plea of setoff and was not entitled to any credit on the note under this plea. The record discloses that appellant filed suit in the Circuit Court of Choctaw County for some of the mortgaged equipment alleged to have been converted. Sturdivant appeared and filed appropriate pleading in answer to the complaint. The defendant Sturdivant failed to make bond for the equipment. He testified that he let the bank have the property. The bank, at its opportunity, made bond for the property and thereby got possession from the sheriff. The bank subsequently dismissed its suit without a judgment for the subject property. Such dismissal was questionable procedure.

There appears in the chattel mortgage which Sturdivant signed, thereby conveying title to the mortgaged property, a provision that "in case of breach of any term or condition hereof the owner or holder of this note has full power and authority to sell, assign, collect, compromise, transfer or deliver the whole or any part of said security . . . . at the option of the owner or holder of the note, at public or private sale, with or without advertisement, and with or without notice to or demand on the signers of this instrument . . . . ." Defendant Sturdivant failed to prove his plea of setoff. See Rhodes-Carroll Furniture Co. v. Webb, 230 Ala. 251, 253, 160 So. 247, 248, wherein we observed:

"  .  .  .  .  But as defendant had the legal title and the lawful right to the possession, manifestly there could be no recovery for a conversion  .  .  .  ."

See also: Automotive Acceptance Corp. v. Powell, 45 Ala.App. 596, 234 So.2d 593; Harmon v. Dothan National Bank, 186 Ala. 360, 64 So. 621.

Plaintiff sold the repossessed equipment to codefendant Martin for $1,000.00. It withheld the sum of $79.00 for attorney's fee and court costs and credited the note with $921.00.

Another item of credit for which appellees contend is $6,250.00, which appellant collected by suit and settlement with Northland Insurance Company. This company insured two vehicles, described in the mortgage, against fire. Northland refused to pay; hence the suit in the Circuit Court of Choctaw County by the bank to collect under its loss payable clause. The fire occurred 18 days after the mortgage was executed to the bank. Sturdivant, at the request of the bank, filed a plea of intervention and became a party to the suit, which was transferred to the Federal Court in Mobile, Alabama. The parties withdrew demand for a jury and negotiated a settlement which was approved by proper judgment of the court. Sturdivant was represented by counsel in the suit. According to the decree of settlement entered by the district judge, Sturdivant agreed to the settlement. Sturdivant testified in the instant suit that there was nothing else he could do but go along with appellant. Be that as it may, he participated and agreed to the settlement.

The bank paid to its attorneys from the proceeds of settlement the sum of $2,083.00 as a reasonable fee for their services. The note was credited with $4,163.00.

█ Appellees contend here, as they did in the trial court, that they were not lawfully due to pay this fee, but were entitled to credit in an amount equal to the full sum of the settlement, supra.

We are not in accord with this contention. Appellees agreed in the note "to pay all costs of collecting or securing, or attempting to collect or secure this note, including a reasonable attorney's fee, wheth-

er the same be collected or secured by suit or otherwise." The attorney's fee, in a reasonable amount, was a part of the expense of collecting the balance due on the note. It was incurred in collecting insurance money that was subject to payment of the debt due by the note. Appellant was entitled to use a reasonable sum out of the insurance money to pay the attorneys. The reasonableness of the fee was for the jury to determine.

█ Appellees contend by proper plea that the note which they signed was without consideration. Proof of each such plea is on the proponent of the plea. The note is prima facie valid. Gates v. Morton Hardware Co., 146 Ala. 692, 40 So. 509; Skipper v. Wright & Colquett, 30 Ala.App. 409, 6 So.2d 896. It is observed in the latter case: ·

"Generally, there is sufficient consideration if there is a benefit or advantage to the promisor or a loss, detriment or inconvenience to the promisee. Benefit to the promisor or injury to the promisee is the criterion. 10 C.J.S., Bills and Notes, page 601, § 148, subsec. a; Webb v. McGowin, 27 Ala.App. 82, 168 So. 196, certiorari denied 232 Ala. 374, 168 So. 199." (30 Ala.App. at 411, 6 So.2d at 898)

█ Here, appellant parted with its money on the strength of the note and mortgage. To that extent, if not more, it suffered a detriment. The makers were benefitted by obtaining the money that enabled them to consummate the business transaction relative to the sale and purchase of the logging equipment and vehicles incident to the business or venture. Appellee Martin was paid $3,500.00 in cash, in and above the bank loan, for the equipment. The undisputed testimony, documentary and oral, establishes a valid consideration for the note. Martin did not testify. Each appellee wholly failed to sustain his plea of no consideration.

The record indicates that the insurance here involved was procured through a bro-

ker, Butler Insurance Company, a corporation. Considerable time was spent and effort expended by defendants in adducing testimony tending to show that some of the officers and stockholders of the bank were also officers and stockholders of the insurance corporation. We fail to see the relevancy of such testimony.

It further appears from the evidence that appellee Sturdivant, soon after procuring the loan and the original insurance through Butler, supra, obtained additional fire insurance on the two vehicles previously insured. He collected a substantial sum in payment of his equity on the two destroyed vehicles. None of this insurance money was applied to the debt due the bank. Appellant made no effort to force such application. We fail to see that the testimony about this additional insurance and the amount paid to appellee Sturdivant was relevant to the issues in the instant suit.

 Apropos to this case, this court observed in Massengale-Manaster Poultry Co. v. Burnett, 284 Ala. 465, 468, 225 So.2d 869, as follows:

> "It is within the peculiar province of the jury to determine the credibility of the evidence. However, the jury is not the sole judge of the sufficiency of the evidence to sustain their verdict. The power to review their conclusions in civil actions at law is vested in the trial court in the first instance, and in this court on appeal.

> "If the verdict when considered in light of the court's oral charge is contrary .to the undisputed evidence, or against the great weight of the evidence, it should be set aside. Franklin Fire Ins. Co. v. Slaton, 240 Ala. 560, 200 So. 564."

We conclude, after allowing all actual and reasonable credits due the defendants, that appellant was entitled to a verdict for some reasonable amount. We will not undertake to be specific. One factor influencing the amount would be the attorney's fee that the jury allowed; also, some other small items of expense. It is clear that the jury's verdict for defendants was contrary to the great preponderance of the evidence.

The trial court erred in overruling that ground of appellant's motion for a new trial. The judgment below is reversed and the cause remanded for further proceedings consistent with this opinion.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and was adopted by the Court as its opinion.

Reversed and remanded.

COLEMAN, HARWOOD, BLOODWORTH, and McCALL, JJ., concur.

HEFLIN, C. J., concurs in result.