ALMON, Justice.
This appeal arises from a judgment in the trial court granting the Bank’s motion for a directed verdict. We affirm in part and reverse in part.
The facts are, in all material respects, undisputed. Mr. Thomas Cole and Mr. J. 0. Wooten signed a promissory note payable to The Bank of Huntsville for $10,000 on June 16,1976. According to the bank records the proceeds of the note were deposited into the *259 checking account of Upholstery, Drapery & Contractors of Alabama on June 18, 1976. Mr. Cole and Mr. Wooten had formed a partnership, Upholstery, Drapery, & Contractors of Alabama, and both individuals were authorized to sign checks on the partnership account. This loan was made largely on the basis of Mr. Cole’s credit and that the Bank would not have loaned this money to Mr. Wooten individually.
Mr. Cole testified that he called the Bank on four occasions. Mr. Gary Bridge, Agent of the Bank, informed Cole that the loan proceeds had not yet been deposited to the partnership account. On Friday, June 25, Mr. Cole went to the Bank and at that time, Mr. Bridge told him that the money from the loan had been deposited for some time, and that approximately $6,000 had been taken out of the account.
The evidence showed that Mr. Gary Bridge transferred the following amounts from the partnership account to other accounts on the dates indicated:
June 18th 8.00
June 18th $5,050.00
June 21st $1,068.44
June 23rd $300.00
June 24th $365.00
June 25th $85.00
All of these transfers were initialed by Gary Bridge and several of the transfer slips appear to have been initiated by telephone requests from Mr. Wooten to Mr. Bridge. Thus, it is undisputed that from June 18 until June 24, Mr. Gary Bridge was authorizing the transfer of a substantial amount of funds out of the loan proceeds in the partnership account while telling Mr. Cole that the loan proceeds had not even been deposited.
The Bank filed this action against Cole and Wooten to collect the amount of the note, $10,000. Thereafter, Cole filed a counterclaim against the Bank and a cross-claim against Wooten. The cross-claim against Wooten was severed. The trial proceeded on the action on the note and on Cole’s counterclaim. At the close of all the evidence, the trial court directed a verdict for the Bank on both its original action on the note and the counterclaim filed by Cole. Cole brings this appeal challenging the trial court’s motion in giving the directed verdict.
The essential allegations of Cole’s counterclaim are that Wooten and the Bank “conspired to divert the loan proceeds from the account of the business known as Upholstery, Drapery & Contractors of Alabama, into unknown bank accounts at the plaintiff The Bank of Huntsville, thereby defrauding the defendant, Thomas Cole, all without the knowledge or authorization of the defendant, Thomas Cole."
We believe that the trial court correctly granted the Bank’s motion for a directed verdict on its claim against Cole and Wooten on the promissory note. Cole contends that there was lack of consideration or a failure of consideration and he must sustain the burden of proof in that regard. First National Bank of Butler v. Sturdivant, 288 Ala. 133, 258 So.2d 715 (1972). The note itself is prima facie evidence of sufficient consideration for the execution thereof, Ladner & Company Real Estate Sales, Inc. v. Smith, 277 Ala. 185,168 So.2d 217 (1964), and the record does not support the conclusion that Cole proved lack, or failure, of consideration so as to absolve himself of liability on the note.
The evidence shows that both Cole and Wooten executed the promissory note for $10,000. The Bank issued a check for $10,-000 payable to Upholstery, Drapery & Contractors of Alabama, and that check was deposited in an account upon which both Cole and Wooten could write checks. Clearly, there was no failure of consideration and the trial court correctly granted the Bank’s motion for a directed verdict. Vernon Carpet Mills v. Rossville Spinning Corp., 344 So.2d 1205 (Ala.1977).
The conspiracy counterclaim against the appellee is more troublesome. We believe, after viewing the tendencies of the evidence in a light most favorable to the party opposing the motion for a directed verdict, Beloit Corp. v. Harrell, 339 So.2d 992 (Ala.1976), and in accordance with the *260 scintilla rule, Rule 50(e), ARCP; Loeb and Co., Inc. v. Martin, 295 Ala. 262, 327 So.2d 711 (1976); that the trial court erred in refusing to let the jury consider the appellant’s counterclaim against the Bank. Snyder v. Faget, 295 Ala. 197, 326 So.2d 113 (1976).
Counsel for the appellee contends that there was no actionable wrong committed in this case because the appellee was obligated to honor checks and transfers authorized by either Cole or Wooten. Here, the Bank delivered the loan proceeds to other accounts pursuant to the telephone requests of Wooten. Both the promissory note and the signature card establishing the joint account sanctioned such transfers. Therefore, the Bank argues, since the actions were legally justified, the conspiracy claim cannot be sustained.
However, this argument overlooks the uncontroverted evidence that at the same time Gary Bridge was approving the transfer of the loan proceeds at Wooten’s request, he was representing to Cole that the loan proceeds had not even been deposited. It is undisputed that Gary Bridge was Head Teller at a branch of The Bank of Huntsville and that he was empowered to transfer funds at customers' requests, and inform customers as to the status of their account. The appellee has made no contention that Bridge was acting outside the line and scope of his employment.
Under these circumstances, we are satisfied that the appellant presented at least a scintilla of evidence that Wooten and the Bank conspired to defraud him of his interest in the loan proceeds by misleading him as to the deposit date. The trial court erred in granting the appellee’s motion for a directed verdict on the appellant’s counterclaim.
Based upon the foregoing, the judgment of the trial court is affirmed in part, reversed in part and remanded.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
TORBERT, C. J., and BLOODWORTH, FAULKNER and EMBRY, JJ., concur.