BEATTY, Justice.
Appeal by plaintiffs, Betty Sue Vest and Robert Braily Vest, from summary judgment for the defendants, Dixie-Midwest Express, Inc., and Bob Hall. We affirm. *14 The plaintiffs are the widow and son of Calvin Vest, deceased. Their action against Dixie-Midwest Express, Inc. (“Dixie”), and Bob Hall arose out of a sales contract between Calvin Vest and Dixie whereby Calvin Vest purchased a truck from Dixie for the sum of $15,000. The purchase instrument, labeled “Conditional Bill of Sale,” contained the following terms:
“1. Buyer agrees to lease truck to [Dixie] for 70% of [Dixie’s] revenue as defined in Dixie’s standard owner-operator contract. Buyer’s 70% of revenue will be credited to an account with Dixie. Buyer will be allowed to draw an amount equal to 19 cents per mile against his 70% of the revenue. The balance of the buyer’s revenue will be retained in the account to pay for tag, tires, parts, fuel, insurance, highway use tax, maintenance, etc., and as a truck payment. When balance in his account reaches zero, title will pass to buyer. Dixie retains title until that time. Buyer may elect to pay balance in his account at any time and title to truck will pass to him.
“2. If buyer decides to terminate this relationship with Dixie, he may pay Dixie the balance due in his account and title to the truck will pass to buyer at that time. In the event buyer is unable to pay Dixie the balance due in his account, Dixie will repossess truck and buyer agrees to forfeit all rights and interest in truck.”
(Emphasis added.) The contract contained other terms relating to the termination of Vest’s relationship for cause, as defined in the contract. Vest was given the right on termination to pay to Dixie the balance in his account and take title to the truck. Otherwise, by the contract’s terms: “Dixie will repossess truck and buyer agrees to forfeit all rights and interest in truck.”
After entering into this contract, Calvin Vest drove the truck for a time, accumulating credit under the contract, until he died on July 31, 1986. At the time of his death, he owed a balance of $8,539.83 on the truck. Although Dixie offered to allow Betty Sue Vest to pay the balance due, she did not do so, and Dixie repossessed the truck.
This action was brought on August 14, 1987, in two counts. In Count One, plaintiffs alleged the contract between Calvin Vest and Dixie and its breach by Dixie in taking possession while Calvin’s payments were current. Count Two alleged conversion by defendants of the truck as plaintiffs’ property. Defendants answered by asserting a number of defenses, including, denying that plaintiffs ever had title to the truck, denying any breach of contract or conversion, and attacking plaintiffs’ standing. Defendants then moved for summary judgment, based upon the pleadings, the discovery, and the affidavit of defendant Bob Hall, terminal manager of Dixie at Decatur. Plaintiffs opposed the motion with the affidavit of Betty Sue Vest. After consideration, the trial court granted summary judgment for the defendants.
Plaintiffs present one issue for our review: Whether or not the contract relied upon by Dixie as a conditional sales contract was in fact a security agreement. The gist of plaintiffs’ argument is that whether that document was a security agreement was a genuine question of fact, and that if indeed it was a security agreement, then title had passed to Calvin Vest, and that thereafter, then, the defendants did not give the requisite notice under Code of 1975, § 7-9-504, prior to disposition of the truck.
On the other hand, the defendants attack the standing of plaintiffs to bring the action.
It is undisputed that Calvin Vest died on July 31, 1986, and that this action was filed on April 14, 1987. There was no administration of Calvin Vest’s estate, hence, no personal representative had been appointed. Indeed, plaintiffs sued in their own personal capacities, not in any representative capacities. Thus, they had no standing to bring this action. Code of 1975, § 6-5-462. See also Ledbetter v. Darwin Dobbs Co., 473 So.2d 197 (Ala.Civ.App. 1985); McCain v. P.A. Partners, Ltd., 445 So.2d 271 (Ala.1984); and First National *15 Bank of Butler v. Sturdivant, 288 Ala. 133, 258 So.2d 715 (1972).
Let the judgment be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON and HOUSTON, JJ., concur.