## Frank C. Cleaver, Appellant, *v.* Oliver J. Lenhart.

[Marked to be reported.]

*Contract—Consideration—Partial restraint of trade—Evidence.*

A good and sufficient consideration for a contract in partial restraint of trade must be affirmatively shown in order to make the contract valid.

Where a legal obligation exists, a cumulative promise to perform it, unless upon a new consideration, is a nullity.

Where a contract for the sale of a business and the property connected with it has been completely performed by the execution of conveyances and the payment of money according to the terms of the contract, a subsequent written agreement by which the vendor binds himself, in consideration of the covenants of the former agreement, not to engage in the same business, is void for want of a valid consideration.

Argued May 20, 1897. Appeal, No. 184, Jan. T., 1897, by plaintiff, from order of C. P. York Co., Jan. T., 1897, No. 39, refusing to take off nonsuit. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL, and FELL, JJ. Affirmed.

Assumpsit to recover damages for the breach of an alleged contract not to engage in the creamery business. Before W. F. BAY STEWART, J.

At the trial plaintiff offered in evidence the following written agreement:

" This agreement made and concluded this 29th day of June, A. D., 1895, between Oliver J. Lenhart of the county of York, state of Pennsylvania, hereinafter called the party of the first part, and Frank C. Cleaver of the city of Philadelphia, party of the second part, hereinafter mentioned, witnesseth: That the said party of the first part, for and in consideration of the purchase and conveyance to the said party to the second part of two certain creameries, one situated in Dover borough, the other situated in Kralltown, together with the machinery, fixtures, etc., contained in the above-mentioned creameries, and the further consideration of the purchase of certain machinery and

leasehold of one other creamery situated at Wellsville, all of these creameries being situated in the county of York, state of Pennsylvania, the receipt for which is hereby acknowledged by the said party of the first part; he, the said party of the first part, does hereby agree with the said party of the second part that he will not engage in the manufacture of butter, nor in the purchase or sale of milk, either as principal, as an agent or as an employee at any point within a radius of five miles from any of the aforementioned creameries for a period of three years from the date of these presents."

It was objected to by defendant for the reason that its contents, together with the allegations of the plaintiff's statement, showed that it was not based on any good and adequate consideration, and that it was therefore void; and for the further reason that in the body, and in another place in the plaintiff's statement, there is a reference to a previous agreement, which, according to the plaintiff's statement, shows the consideration, if any, upon which this agreement was based; and therefore it is incumbent upon the plaintiff to produce the previous agreement before offering this one.

The Court: As the case now stands, I will overrule the offer, and give the plaintiff an exception. And I would say, further, that no sufficient consideration appears for the agreement set out in the plaintiff's statement, unless contained in an agreement of June 29, 1895, as specified therein, which has not been produced or offered in evidence. [1]

Plaintiff offered in evidence the agreement between the defendant, O. J. Lenhart, and F. C. Cleaver, dated the 6th day of June, 1895, as follows:

"Articles of agreement indented, made, concluded and agreed upon, on the sixth day of June in the year of our Lord one thousand eight hundred and ninety-five, between O. J. Lenhart of Dover borough, York Co., Penna., of the first part, and Frank C. Cleaver of Philadelphia, Penna., of the second part, as follows, to wit: The said O. J. Lenhart for the consideration hereinafter mentioned, doth for himself, his heirs, executors and administrators, covenant, promise, grant and agree, to and with the said F. C. Cleaver, his heirs and assigns, by these presents, that he, the said O. J. Lenhart, shall and will, on or before April 1, 1896, at the proper cost and charges of the said O. J. Lenhart, his

heirs and assigns, by such deeds of conveyance as he or they, or his or their counsel, learned in law, shall advise, well and sufficiently grant, convey and assure, unto the said F. C. Cleaver his heirs and assigns, in fee simple, clear of all incumbrances, the creamery with the fixtures and machinery at Dover, called the Keystone creamery, together with the barn and fourteen feet of ground west from barn at the front adjoining, also the Kralltown creamery and the goodwill and machinery at the Wellsville creamery, all these creameries being in York county; Lenhart to put in another boiler in Dover creamery in place of the present one in use : together with all and singular the buildings, improvements and other the premises hereby demised, with the appurtenances. In consideration whereof, the said F. C. Cleaver, for himself, his heirs, executors and administrators, doth covenant, promise and agree, to and with the said O. J. Lenhart, his heirs and assigns, by these presents, that he, the said F. C. Cleaver, his heirs, executors and administrators, or some of them, shall and will well and truly pay, or cause to be paid, unto the said O. J. Lenhart, his executors or assigns, the sum of fifty-nine hundred and fifty dollars ($5950), $3,000 of which is to be paid July 1, 1895, when the said F. C. Cleaver shall have possession of the creameries ; the balance of the purchase money, with five per cent. interest on the same, to be paid April 1, 1896, when and at which time title shall be passed. The said F. C. Cleaver shall have the use of the Big Mount creamery from July 1, 1895, at the yearly rent of $96.00, and shall also have the first chance to purchase the same. And for the true performance of all and every the covenants and agreements aforesaid, each of the said parties bindeth himself, his heirs, executors, and administrators, unto the other, his executors, administrators and assigns in the penal sum of . . . . dollars firmly by these presents."

E. D. Ziegler, Esq., of counsel for plaintiff : This is offered in connection with the agreement between the same parties already offered in evidence, for the purpose of sustaining the issue on the part of the plaintiff, and especially to show, in connection with the other agreement, the consideration for the purchase of the creameries.

By the Court: In consideration, I presume, Mr. Ziegler, of the agreement in suit?

Mr. Ziegler: That is better. For the consideration of the agreement in suit.

J. S. Black, Esq., of counsel for defendant: Is this paper offered in connection with the agreement in suit?

Mr. Ziegler : Yes, sir. For the purpose of showing the consideration of the agreement in suit.

By the Court: Referred to in the agreement in suit.

Mr. Black: It is objected to as irrelevant and immaterial, and not evidence for the purpose offered ; and especially objected to, that the agreement does not, and cannot, constitute a consideration for the agreement in suit.

By the Court: Well, that is the crucial point now. I do not think that any consideration has been shown for the agreement in suit, nor that the paper last offered, the agreement for the purchase of these creameries by the plaintiff from the defendant, constitutes any consideration for that agreement. They are not contemporaneous agreements, and do not purport to be. I therefore exclude the offer, and reject the offer also of the original agreement, upon the ground that the plaintiff is bound to show a consideration for the agreement in suit, and has failed to do so. [2]

Plaintiff offered in evidence the record of the deed of Oliver J. Lenhart to Frank C. Cleaver, made the 29th day of June, A. D. 1895, for the consideration of $5,950, lawful money, conveying two tracts of land in the borough of Dover; and No. 2, situated in Kralltown, Washington township, and recorded July 2, 1895, in the recorder's office of the county of York, in record book 10 M, pages 215, 216, 217, 218 and 219 ; this for the purpose of showing consideration in the agreement, a title to the creameries mentioned in the plaintiff's statement, and to sustain the issue on the part of the plaintiff.

It was objected to by defendant as irrelevant and immaterial, and not evidence for any purpose in the case; and especially not for the purpose offered.

By the Court: The objection is sustained, and the offer overruled. Exception for the plaintiff, and bill sealed by order of court. [3]

The court entered a compulsory nonsuit which it subsequently refused to take off. [4, 5]

*Errors assigned* were (1–3) rulings on evidence. quoting the bill of exceptions ; (4) entering compulsory nonsuit; (5) refusal to take off nonsuit.

*E. D. Ziegler*, with him *E. Dean Ziegler*, for appellant.—The principle is admitted to be well established in our jurisprudence that a contract in general restraint of trade is against public policy and void.   But, on the other hand, it is well established that there may be, upon a good consideration, and where reasonable ground exists for the restriction, partial restraint of trade, and that an agreement for such purpose is sustainable : Lange v. Werk, 2 Ohio, 519 ; Guerand v. Dandelet, 32 Md. 562 ; McClurg's App., 58 Pa. 51 ; Keeler v. Taylor, 53 Pa. 467 ; Lawrence v. Kidder, 10 Barb. (N. Y.) 641 ; Hoagland v. Segur, 38 N. J. L. 230 ; Boutelle v. Smith, 116 Mass. 111.

The agreement in suit is not without consideration, and the two agreements taken together should have been admitted in evidence: Gompers v. Rochester, 56 Pa. 194 ; Weller v. Hersee, 10 Hun (N. Y.), 431 ; Hall's App., 60 Pa. 458 ; Pierce v. Fuller, 8 Mass. 223 ; Fuller v. Hope, 163 Pa. 62 ; Wilkinson v. Colley, 164 Pa. 35 ; Patterson v. Glassmire, 166 Pa. 230.

*J. S. Black*, with him *E. D. Bentzel*, for appellee.—The general rule is that all contracts in restraint of trade are void; the exception to the rule is in the case of those contracts that impose no general restraint upon trade or industry, but are limited both as to time and locality, reasonable and useful, and founded upon a valuable consideration : Keeler v. Taylor, 53 Pa. 467 ; Gompers v. Rochester, 56 Pa. 194 ; Harkinson's App., 78 Pa. 196 ; Taylor v. Saurman, 110 Pa. 3 ; Morris Run Coal Co. v. Barclay Coal Co., 68 Pa. 185 ; Hall's App., 60 Pa. 458.

The performance of that which a party was under a previous obligation to do is not a valuable consideration : 1 Parsons on Contracts, 451 ; Wimer v. Overseers, 104 Pa. 317 ; Erb v. Brown, 69 Pa. 216 ; 3 Am. & Eng. Ency. of Law, 834.

OPINION BY MR. JUSTICE GREEN, July 15, 1897 :

The consideration of the original contract dated June 6, 1895, for the conveyance and sale of the creameries therein described, was the sum of $5,950 in money, which was to be

paid for the properties. Nothing was said in that contract about any restriction upon the seller, Lenhart, in the conduct of the same business at any time or place. He did not become subject to any duty or obligation to abstain from carrying on the same business thereafter, and hence he was at perfect liberty to do so if he chose. It cannot, therefore, be said that it was any part of the consideration of the contract that Lenhart should not engage in the same business in the future. That contract was consequently completely performed when the conveyances were made and delivered, and money paid according to its terms. It necessarily follows that when the second agreement was made on the 29th of the same month of June, there was nothing left of the first agreement which could operate as a consideration of the second.

There is practically no dispute as to the law in regard to this class of contracts. The agreement in suit is a contract in partial restraint of trade. As such, under all the authorities, it must, as one of the essential elements, be founded upon a good and sufficient consideration. In Keeler v. Taylor, 53 Pa. 467, WOODWARD, C. J., delivering the opinion, said: "The general rule is that all restraints of trade, if nothing more appear, are bad. This was the rule laid down in the famous case of Mitchel v. Reynolds, 1 P. Wms. 181. But to this general rule there are some exceptions, as, if the restraint be only particular in respect to time or place, and there be a good consideration given to the party restrained. . . . The cases are fully collected in Smith's note to Mitchel v. Reynolds, 1 Smith's Leading Cases, and from them it will be seen that all such contracts to be good at law must be founded in a valuable consideration, must be reasonable, and must impose no general restraint upon trade and industry."

The same doctrine was repeated in Gompers v. Rochester, 56 Pa. 194, where THOMPSON, C. J., said: "Agreements in restraint of trade generally, are void. They are not so when limited in time, or partial in their operation, and when there is a sufficient consideration." And again in Harkinson's Appeal, 78 Pa. 196, MERCUR, J., said: "It must be borne in mind that agreements in restraint of trade generally are void. To give validity to them they must be limited in time, or partial in their operation, and be supported by a sufficient consideration."

Thus it will be seen that in all these utterances the necessity of a sufficient or valuable consideration is expressed as a requirement additional to the other requirements as to time and place. In all the cases it is also held that the restraining condition must not be involved in any doubt or uncertainty, and all the elements necessary to its validity must appear affirmatively. An instance of this kind appears in the case of Hall's Appeal, 60 Pa. 458. It was a written agreement of sale of the stock and good will of an undertaking business in Philadelphia for $3,000, and the restraining condition did not appear in the writing, though there was a blank of seven lines left in the instrument, which it was contended, was left for the insertion of such a condition, and there was some verbal testimony of that kind, and also that the seller had said it was unnecessary to have a written agreement to that effect, as he did not intend ever to go into business again in Philadelphia.

There was also some other verbal testimony to similar declarations of the seller made afterwards. The case was a bill for an injunction to restrain the seller from again engaging in the same business in Philadelphia. WILLIAMS, J., delivering the opinion said, "We have no doubt of the validity of such a contract, as is alleged in the bill, if founded on a sufficient consideration, or of the power of the court to restrain its breach by injunction. Our doubt in this case arises from the insufficiency of the proof to establish the existence of the alleged agreement. It cannot be inferred from the sale of the good will of the business and it is expressly denied in the answer. The sealed agreement between the parties given in evidence by the plaintiff, contains no stipulation or covenant on the part of the defendant, either to retire from the business, or not to resume it again in the city of Philadelphia, and in this respect it fully corroborates and sustains the answer." The judge then shows that the verbal testimony was insufficient to establish the restraining condition and he proceeds thus, "As the alleged agreement is in restraint of trade its existence should be established by clear and satisfactory evidence, in order to justify the court in restraining its breach by injunction. There should be no doubt or uncertainty in regard to its terms, or the consideration upon which it was founded." Other cases are to the same effect as all of the foregoing, but it is not necessary to cite them.

In the present case there is no doubt about the terms of the restraining agreement. It is sufficiently specific as to time and place within which the restraint is to be operative. But it has no consideration to support it. The previous sale being complete in all respects, the duty of the parties on both sides was clearly defined, and the obligation to perform it was comprehended within its express provisions. The agreement in restraint was no part of its terms and there was no obligation on the part of Lenhart to restrain his operations thereafter. It was held in Wimer v. Overseers, 104 Pa. 317, that where a legal obligation exists, a cumulative promise to perform it unless upon a new consideration, is a nullity. Hence the obligation of Lenhart to perfect the sale under the first agreement and the obligation of Cleaver to comply with its terms could not be a consideration for the restraining agreement of the subsequent date. The latter paper was a mere voluntary agreement in restraint of trade and, as such, cannot have legal sanction. The assignments of error are all dismissed.

Judgment affirmed.