Kahn, Appellant, *v.* Van Pelt et al.

Argued October 14, 1930.

Before TREXLER, P. J., KELLER, LINN, GAWTHROP, CUNNINGHAM and BALDRIGE, JJ.

*E. Spencer Miller,* and with him *Maurice G. Belknap,* for appellant.

*Claude C. Smith* of *Duane, Morris & Heckscher,* for appellees.

OPINION BY KELLER, J., January 30, 1931:

This case as presented in the plaintiff's statement, tried in the court below and submitted to the jury by the court, was a claim for the division of a real estate broker's commission based on an oral contract, confirmed in part by a written letter. After an adverse verdict it is sought to change the theory of the case and the nature of the claim, without any amendment of the pleadings, into an action upon a clause in a written letter, which it is now averred represented an offer of compromise of a pending dispute, although (1) apart from the question of the existence of a prior oral agreement to divide commissions, which was affirmed by the plaintiff and denied by the defendants, there is no sufficient evidence of a dispute pending between plaintiff and defendants at the time the letter was written; (2) it was not written by defendants by way of compromise offer, for it was not addressed to the plaintiff, nor to any one who had represented himself as acting for the plaintiff with reference to any dispute between them; and (3) it was not averred or proved that the terms of the letter were definitely accepted by the plaintiff and a compromise agreed to between plaintiff and defendants on the basis of the letter.

The plaintiff's case as set forth in his statement and testified to on the trial, briefly summarized, was that he was a real estate broker in the City of Phil-

adelphia; that acting as the agent of one Jacques Ferber, but without disclosing his principal, he negotiated with the defendants who were the agents of the owners of property 1708 Walnut Street for its purchase; that defendants orally agreed to pay him one-half of their commissions if and when the sale was consummated; that on January 4, 1927, the agreement was signed, subject to the approval of the orphans' court of Philadelphia County, the plaintiff being named as the buyer; that on January 11, 1927, by way of confirmation of said oral agreement, defendants wrote a letter to plaintiff's son, Charles Kahn, who, it was shown, was not a partner of his father's, but engaged in the real estate business for himself, having his office in his father's place of business, as follows: "We have your letter of January 7th and frankly are at a loss to know why we should receive a letter from you, as all our dealings in connection with premises 1708 Walnut Street have been with your father, Mr. Jacob C. Kahn, and we dealt with him solely in the capacity of purchaser. Prior to the execution of the agreement of sale, there was no agreement or understanding of any kind with your father relative to the division of the commission. We dealt with him solely as purchaser, and as such, fail to see that he or any one else has any claim for any share of the commission whatsoever. If Mr. Kahn can satisfy us that he was not the actual purchaser, but was acting as agent only, we will divide the commission with him."

This letter, it was developed on the trial, on the part of the plaintiff, was written by defendants to Charles Kahn in reply to a letter of his dated January 7, 1927, in which he did not claim to represent his father, nor make any claim to commissions on his father's behalf, but presented a claim, *on his own account,* for one-half of a 2½% commission, to be paid

him at the time of settlement, conditioned on the completion of the sale; though it was admitted that Charles Kahn and the defendants had had no dealings whatever with each other with respect to this transaction. Plaintiff further averred and testified that the sale was consummated in March or April 1927, by a deed to him, for the consideration of $160,000, and that he at once re-conveyed the property to Jacques Ferber for the same consideration; that defendants received a commission of $4,000, of which he claimed to recover in this action, one-half or $2,000.

Defendants denied having made any agreement with the plaintiff to divide commissions on this transaction, or having had any conversation with him on the subject, prior to the signing of the agreement on January 4, 1927; averred that they had not been advised that he was acting in the transaction for any other person, but had understood that he was buying the property on his own account; that after the agreement was signed on January 4th, plaintiff had first informed them that he was acting as agent for another person in the purchase, and asked them for a division of the commissions and they had informed him that they were willing to divide the commissions if satisfied that he was not the actual purchaser but acted only as agent for some one else, provided that his compensation in the transaction was limited to the receipt of half of their comm'ssion. It was practically admitted that the plaintiff had received from Ferber $3,750 commission for securing two mortgages necessary to finance the transaction; and defendants contended that this payment relieved them of any liability to divide their commission, even if plaintiff had been acting as agent for Ferber in the transaction, which they denied, claiming that he had resold the property to Ferber and not bought it as Ferber's agent.

As presented in the court below the case raised issues of fact which were for the jury and were fairly presented by the court in a charge to which no exception has been taken except in one particular. At the close of his charge the trial judge asked counsel if there was anything further that they desired him to say, and plaintiff's counsel said, "I would like to call the court's attention to the fact that in the letter of January 11, 1927"—when the court interrupted him and said: "Let me interrupt you, Mr. Miller. The letters are all in evidence and the interpretation and construction is to be placed upon them by the jury. I do not want to refer to any testimony in detail. I made that clear to the jury. You have argued that at great length and detail and ably presented it to the jury. I intended to mention that in my charge, that the case had been presented ably by both counsel and at length and I know you have made the issues clear to the jury." Mr. Miller: "I thought by what the court said the court referred to the matter of commissions having been paid as one of the conditions of this letter, but the only condition in this letter is the fact of this man Kahn being the real purchaser." The Court: "That appears in the letter but the letter has no sacredness as an instrument under seal would have. All the jury has before it is the letter saying one thing and the testimony of the witnesses possibly indicating something else. It is all part of the transaction and there is no merger of prior negotiations or prior conversations in any written instrument. It is all for the jury and the credibility of the witnesses is to be weighed by the jury."

We do not understand from this colloquy that the court below held that there was no consideration for the letter of January 11th, as is now argued by counsel for appellant,—although it might well have so instructed the jury, unless they found that a prior

oral agreement to divide the commissions had been made (Cleaver v. Lenhart, 182 Pa. 285; Johnston's Admrs. v. Johnston, 1 Grant 468),—but only that the letter did not constitute a solemn agreement in writing entered into between the parties and embracing in its provisions the full and final result of all preliminary conversations and negotiations; that it was therefore not within the rule of Gianni v. Russell, 281 Pa. 320, but was open to explanation and amplification by parol, (Kerr v. McClure, 266 Pa. 103; Ward v. Zeigler, 285 Pa. 557), and this was especially so in this instance, because the letter did not purport to be written to the plaintiff or to anyone representing him as agent, and there was no necessity or reason, therefore, why it should contain every detail of their prior parol offer to the plaintiff.

The issues between the parties at the trial were, whether defendants had orally agreed to divide commissions with the plaintiff, in confirmation of which position defendants' letter of January 11th was presented, referring as the sole condition of such division that they must be satisfied that plaintiff was acting as agent for another person in said purchase; or whether defendants' agreement to divide commissions contained an additional condition, to wit, that plaintiff was not to receive any other compensation in the transaction than half of defendants' commission; and, if the latter, whether plaintiff when he entered into the agreement as purchaser was actually buying for himself or as agent for Ferber, and whether he did receive any compensation in the transaction other than what he was to get from the defendants.

A reading of the record shows that the plaintiff, throughout the trial, regarded the letter of January 11th merely as confirmatory, in part, of his testimony of the prior oral agreement. At the outset of the case his counsel so stated. See page 13-a. The attempt

to transform the claim into one based upon the letter as an offer to compromise a pending dispute, is an afterthought not presented at nor considered on the trial.

The assignment of error is overruled and the judgment affirmed.