168 So. 199

**WEBB v. McGOWIN et al.**

**3 Div. 170.**

Supreme Court of Alabama.

May 14, 1936.

Calvin Poole, of Greenville, for petitioners.

Powell & Hamilton, of Greenville, for respondent.

FOSTER, Justice.

We do not in all cases in which we deny a petition for certiorari to the Court of Appeals approve the reasoning and principles declared in the opinion, even though no opinion is rendered by us. It does not always seem to be important that they be discussed, and we exercise a discretion in that respect. But when the opinion of the Court of Appeals asserts important principles or their application to new situations, and it may be uncertain whether this court agrees with it in all respects, we think it advisable to be specific in that respect when the certiorari is denied. We think such a situation here exists.

Neither this court nor the Court of Appeals has had before it questions similar to those here presented, though we have held that the state may recognize a moral obligation, and pay it or cause it to be paid by a county, or city. State v. Clements, 220 Ala. 515, 126 So. 162; Board of Revenue of Mobile v. Puckett, 227 Ala. 374, 149 So. 850; Board of Revenue of Jefferson County v. Hewitt, 206 Ala. 405 (6), 90 So. 781; Moses v. Tigner, post, p. ——, 168 So. 194.

Those cases do not mean to affirm that the state may recompense for nice ethical obligations, or do the courteous or generous act, without a material and substantial claim to payment, though it is not enforceable by law; nor that an executory obligation may be so incurred.

The opinion of the Court of Appeals here under consideration recognizes and applies the distinction between a supposed moral obligation of the promisor, based upon some refined sense of ethical duty, without material benefit to him, and one in which such a benefit did in fact occur. We agree with that court that if the benefit be material and substantial, and was to the person of the promisor rather than to his estate, it is within the class of material benefits which he has the privilege of recognizing and compensating either by an executed payment or an executory promise to pay. The cases are cited in that opinion. The reason is emphasized when the compensation is not only for the benefits which the promisor received, but also for the injuries either to the property or person of the promisee by reason of the service rendered.

Writ denied.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.