Tieri (et al., Appellants), *v.* Orbell.

Argued December 15, 1959. Before RHODES, P. J., HIRT, GUNTHER, WRIGHT, WOODSIDE, ERVIN, and WATKINS, JJ.

*Robert A. Webster*, with him *Henry A. Frye*, and *Moffett, Frye & Leopold*, for appellants.

*John E. Power, Jr.*, for appellee.

OPINION BY WATKINS, J., June 15, 1960:

This is an appeal from the refusal of the Municipal Court of Philadelphia to grant motions for a new trial and judgment non obstante veredicto, and entering judgment for the plaintiff-appellee, in an action in assumpsit for the return of deposit money paid on account of the purchase of certain real estate in Philadelphia, Pennsylvania.

The appellants, Charles G. Kazanjian and Elizabeth M. Kazanjian, were the owners of premises situate at 101 South 63rd Street, Philadelphia, Pennsylvania, and they employed the defendant, Roy W. Orbell, a real estate broker, to effect the sale of the premises. The plaintiff-appellee, Albert Tieri, became interested in the property and employed J. P. Cunningham, another real estate broker, to represent him.

Cunningham, acting through an employe, named Barney Cohen, arranged with Orbell to act as cooperating brokers and an agreement of sale, dated August 10, 1955, reciting that J. P. Cunningham and City Suburban Realty Company, which was Orbell, as agents for the owners, agreed to sell the premises to Tieri for Twenty-four Thousand ($24,000) Dollars. The agreement contained a provision that "This agreement is conditioned upon purchaser's ability to obtain financing for the sum of $16,000.00." The agreement was executed by Cunningham and Orbell, as agents for the appellants-owners and by Tieri, as the purchaser. The agreement was subsequently approved by the Kazanjians. The agreement provided that settlement was to be made on or before November 1, 1955, but the date was later extended to January 15, 1956. The down money, amounting to $2300 was paid into the possession of Orbell.

The action in assumpsit was originally instituted in the Court of Common Pleas No. 5 of Philadelphia County, for the return of the down money. The defendant Orbell filed a petition for interpleader, which was granted, and Charles G. Kazanjian and Elizabeth M. Kazanjian, were interpleaded as claimants. The case was then transferred to the Municipal Court and tried before President Judge BONNELLY of the Court below, without a jury. A verdict was entered for the plaintiff in the amount of $2300. Motions in arrest of

judgment and for judgment n.o.v. were made on behalf of the defendant and the claimants, which were denied and judgment entered on the verdict. The claimants brought this appeal.

There is no question that bona fide efforts were made by the appellee to obtain financing in the amount indicated in the agreement; and that such efforts failed, up to and including the settlement date of November 1, 1955. There is equally no question that efforts made after the extension of the date of settlement, January 15, 1956, to obtain financing, again failed, at least until January 3, 1956. At that time the claimants contend that an offer made by them in a letter offering to take back a purchase money mortgage in the sum of Sixteen Thousand ($16,000) Dollars satisfied the requirement of the agreement of sale and the purchaser was legally bound and the sellers are entitled to retain the deposit of $2300 as liquidated damages.

The agreement is silent as to any description of the kind of financing, saying only that the consummation of the agreement is conditioned "upon purchaser's ability to obtain financing for the sum of $16,000.00." It should be noted that the provision, which most certainly was for the protection of the purchaser, set forth that the consummation of the contract was conditioned, upon the purchaser's ability to obtain financing. It seems elementary that the ability of the purchaser to obtain financing did include not only the amount to be borrowed, but also the rate of interest, and the length of time for amortization and an acceptable, responsible lender. The amount of interest and the length of the mortgage, as they determine the installment payments, must certainly fit the borrower's circumstances. As the agreement was silent as to these important essentials, parol evidence would be admissible to clarify the meaning of the purchaser's ability to

obtain financing and most certainly the disclosing of the rate of interest and the length of the maturity of the loan do not change the provisions made by their agents for their protection, that the sale was conditioned on his ability to obtain such financing. *Foulke v. Miller*, 381 Pa. 587, 112 A. 2d 124 (1955) ; *Creighan v. Pittsburgh*, 389 Pa. 569, 132 A. 2d 867 (1957). As President Judge BONNELLY said in his opinion: "Certainly the provision in the contract in the instant case is susceptible of a number of possible interpretations. Hence the testimony of the plaintiff, and of Cohen, who acted for the claimants in preparing the agreement of sale, was clearly admissible to establish the meaning of the phrase as intended by the parties."

The record discloses that all the efforts made by the appellee and his agents were to obtain a 20-year mortgage. There is no question that reasonable efforts were made. The offer made on January 3, 1956, was for a purchase money mortgage of $16,000 at 6% interest and for eleven years and seven months, and required monthly payments of $160. We agree with the appellee that this was an attempt to force on him financing of the type that he did not desire or originally contemplate. Conceivably the qualifying clause in the agreement could have been clearer but it certainly does give to the buyer the right to seek his own mortgage, and he cannot be forced to go ahead with the purchase by having thrust upon him a type of financing which the sellers happen to think is reasonable.

This Court can take judicial notice that in this time of governmental, as well as bank financing, encouraging home building, 20-year mortgages on dwelling houses in the Twenty Thousand Dollar bracket are the usual rather than the unusual borrowing procedure and most certainly insistence by the buyer on a 20-year maturity was not unreasonable, but could be contemplated within the terms of this provision.

In *Beato v. DiPilato,* 175 Pa. Superior Ct. 602, 106 A. 2d 641 (1954), the plaintiff signed an agreement of sale to purchase a residence. The agreement contained a clause to the effect that it was subject to the approval of a G.I. mortgage. Eventually the plaintiff was not able to get a G.I. mortgage and he asked for his deposit back. He was induced to try to obtain a conventional mortgage but also failed in that, and again demanded his deposit back, which was refused. Although different reasons were raised as to why the money was not returned, we held that since the agreement was conditioned on obtaining a certain type of mortgage, that the plaintiff was entitled to have his deposit money returned to him. In this case, by naming the type of financing to be a G.I. mortgage, the parties were immediately informed of the interest rate involved and also informed, because of the nature of such mortgages, that this type mortgage presupposed a long maturity to permit the smallest possible monthly payments.

In *King v. Clark,* 183 Pa. Superior Ct. 190, 130 A. 2d 245 (1957), although our question was not raised, the factual situation was quite similar. There was a deposit of $800 and a provision that the agreement was subject to securing a mortgage in the amount of $5500. We said, at page 197, "Appellant has presented two questions, which we have discussed, and apparently they are the only questions which were raised in the court below. It seems to us that appellant would have been on more substantial ground had she accepted the written agreement (which was prepared by her agent) for what it plainly and obviously provided, and had directed her action at the recovery of the deposit on the basis of her inability to obtain financing after having made reasonable effort to do so."

That is exactly what the appellee did in this case. He could not get a mortgage of the type he wanted and he told the parties he wanted his money back and

when they tried to force on him a mortgage with harsher terms than he desired, he refused to accept it, still demanded his money, and was refused. He made a reasonable effort to obtain financing as required by the agreement and his desire to obtain such financing, in the form of a 20-year mortgage, was not an unreasonable interpretation of the condition, so that it well may be that the parol evidence, that certainly strengthened his position, was not necessary to obtain the return of his deposit money. Having so decided, it is unnecessary to discuss the agency problem of imputation of knowledge by Cunningham as to the 20-year maturity, to his principals, the appellants.

Judgment affirmed.