315 So.2d 588

**Vernon O. SLAYTON**

v.

**Eddie SLAYTON.**

**Civ. 506.**

Court of Civil Appeals of Alabama.

June 25, 1975.

Gilmore & Keahey, Grove Hill, for appellant.

McCorquodale & McCorquodale, Jackson, for appellee.

WRIGHT, Presiding Judge.

Appeal is taken from judgment for interest on a loan.

Suit was brought claiming interest on money loaned by plaintiff to defendant on May 5, 1958 and repaid on June 5, 1971.

The suit arose from the following factual situation. Plaintiff and his sister were the children of the brother of defendant. Their father was killed by accident in 1951. In 1955 it was established that plaintiff and his sister were entitled to payment under Workmen's Compensation for the death of their father. A lump sum was paid together with monthly payments. At the time of the father's death, plaintiff and his sister were about six and two years of age respectively. In 1958, the mother of the children was no longer able to care for them. According to the testimony, defendant and another uncle were appointed guardians for the children. Defendant became guardian for the girl and J. R. Slayton became guardian for plaintiff. Plaintiff came to make his home with J. R. Slayton, but the sister came to live with her aunt, Christine Slayton. The uncle and the aunt reared the children to adulthood.

In May of 1958 there had accumulated in a savings account funds derived from the compensation payments in the sum of $4,700.00. This account was in the joint control of the children's mother and Christine Slayton.

J. R. Slayton and defendant were involved in a business together. Christine Slayton also had an interest in the business and apparently kept the books.

On May 15, 1958, at the direction of defendant, Christine removed the sum of $4,700.00 from the funds of the children and gave it to defendant. The tendency of the evidence is that defendant placed the

money in one of the businesses as a credit to his capital account. Upon directing removal of the funds, defendant stated it would be replaced in a short time. It was never replaced.

In 1971, after reaching the age of 24 years, plaintiff first learned of the existence of the fund. He requested payment of defendant. Plaintiff did not know how much was in the fund at the time he requested his share from defendant, nor did he know that defendant had removed it from the bank in 1958. Upon receiving further information about the amount withdrawn, plaintiff returned to defendant and requested interest that the fund would have earned had it remained in the bank during the 13 years from 1958 to 1971. Defendant agreed to pay interest but stated that he could not do so until some business problems were straightened out.

Thereafter, plaintiff again returned to defendant and requested payment. Defendant answered that he had incurred expenses in prosecuting the suit for Workmen's Compensation and he felt he did not owe any further payment. Plaintiff then retained counsel and suit was brought.

Plaintiff presented testimony from an employee of the bank that the sum of $4,700.00 would have earned interest in the amount of $2,587.55 from the bank if it had remained in savings from 1958 to December, 1970. One-half of the total interest would have been $1,293.77.

In answer to the complaint, defendant pleaded the Statute of Limitation, Statute of Frauds and the general issue. Upon trial by jury, verdict and judgment thereon was for plaintiff in the sum of $1,293.77.

Defendant first assigns as error the denial of motion for judgment notwithstanding the verdict or the denial of a new trial on the ground that the action was barred by the statute of limitation of six years.

The plea is founded upon the contention that the loan was made in 1958 and suit was not brought thereon until 1972. We do not perceive such to be the case. It is true that the complaint refers to a loan made in 1958 and repaid in 1971. However, it is clear from the theory upon which the case was tried by plaintiff and the jury was charged by the court, that the issue was whether defendant made an agreement with plaintiff in 1971, after repaying the principal, that he would pay interest for use of the money. Under such theory, the original transaction was not in fact the basis of the suit. It mattered not whether such transaction was a loan as averred in the complaint. The evidence discloses a borrowing, conversion, misuse of funds, or even fraudulent taking by defendant, but such was not really in issue.

Defendant produced no testimony in defense. The court in its oral charge presented the issue to the jury as being whether defendant promised plaintiff in 1971 that he would pay interest on the money he obtained in 1958 and did not pay back until 1971. The court further charged that it was plaintiff's contention that the agreement was that he would be paid interest according to what the money would have earned if left in the bank.

Defendant took no exception to the oral charge, nor did he request written charges. The charge of the court became the law of the case. *Lee v. Gidley*, 252 Ala. 156, 40 So.2d 80.

The argument of defendant in brief as to the application of the statute of frauds must be answered by what we have said above. The suit was not upon the transaction of 1958 but upon a promise to pay interest entered into in 1971 for use of money from 1958 to 1971. The time for payment was not agreed upon other than that it would be within a short time when business problems were straightened out. In order for the statute of frauds to be applicable, an oral agreement must state that it is not to be performed or be incapable of being performed within one year. *Brown & Sons Lumber Co. v. Rattray*, 238 Ala.

**354**

406, 192 So. 851; *Land v. Cooper*, 250 Ala. 271, 34 So.2d 313.

Defendant further contends that the agreement shown by plaintiff is void because the rate or amount of interest was not specified. We find sufficient evidence for the jury to decide that the agreement was for interest that would have been earned at the bank. The testimony of the employee of the bank as to such amount was properly permitted by the court over the objection of the defendant.

Defendant briefly mentions in argument that there was lack of consideration shown for the agreement to pay interest. The court in its charge stated to the jury that it was the contention of plaintiff that forbearance to bring suit was sufficient consideration for the promise to pay interest. Plaintiff in brief argues that an extension of time for payment of a debt or to forbear bringing suit thereon is sufficient consideration for a contract.

We do not see the relevance of either the statement of the court or argument of plaintiff. Under the law of this state as expressed in the landmark case of *Webb v. McGowin*, 27 Ala.App. 82, 168 So. 196, cert. den. 232 Ala. 374, 168 So. 199, it is well settled that a moral obligation is a sufficient consideration to support a subsequent promise to pay where the promisor has received a material benefit, although there was no original duty or liability resting on the promisor.

There appears slight room for argument that defendant wrongfully took for his use and benefit funds belonging to plaintiff in 1958 and kept it until 1971. He received a material benefit therefrom. Perhaps, and we do not decide, legal liability for repayment of principal and/or interest was barred by statute of limitation. However, there was present a moral obligation to repay such funds and at least the interest which it would have earned from the bank had it not been removed at defendant's direction. We hold that under the theory

of the trial of the case, the evidence and the charge of the court, the verdict of the jury was proper. We affirm.

Affirmed.

BRADLEY and HOLMES, JJ., concur.