455 A.2d 1228

**Estelle E. YOUNG and Beverly J. Ruane, Appellants,**

v.

**Vincent PILEGGI.**

Superior Court of Pennsylvania.

Argued May 24, 1982.

Filed Jan. 28, 1983.

Robert J. Donaghy, Philadelphia, for appellants.

John C. Keir, Philadelphia, for appellee.

Before BROSKY, WIEAND and BECK, JJ.

WIEAND, Judge:

Vincent Pileggi executed and delivered to Estelle E. Young and Beverly J. Ruane a judgment note for $10,-000.00. On July 16, 1979, after Pileggi had failed to make any payment thereon for more than 3½ years, a judgment was confessed against him for the principal amount, plus interest and counsel fees. Pileggi filed a petition to open the judgment alleging (1) duress, (2) absence of consideration, and (3) failure to join Beverly J. Ruane, his former wife, as a party defendant. Depositions were taken, argu-

ment was held, and the trial court entered an order opening the judgment. This appeal followed. We conclude that opening the judgment was an abuse of discretion. Therefore, we reverse and reinstate the judgment.

In *Tenreed Corporation v. Philadelphia Folding Box Company*, 256 Pa.Super. 49, 53, 389 A.2d 594, 596–597 (1978), this Court said:

"It is now well-established that a petition to open a judgment by confession is an appeal to the sound discretion of the lower court. *Foerst v. Rotkis*, 244 Pa.Super. 447, 368 A.2d 805 (1976); *Christie v. Open Pantry Food Marts, Inc.*, 237 Pa.Super. 243, 352 A.2d 165 (1975); *Wolgin v. Mickman*, 233 Pa.Super. 218, 335 A.2d 824 (1975). In order for such a petition to prevail, the judgment debtor must act promptly and produce evidence in support of a meritorious defense. *Wenger v. Ziegler*, 424 Pa. 268, 226 A.2d 653 (1967); *Walnut-Juniper Co. v. McKee, Berger & Mansueto, Inc.* 236 Pa.Super. 1, 344 A.2d 549 (1975); *Joseph A. Puleo & Sons, Inc. v. Rossi*, 234 Pa.Super. 612, 340 A.2d 557 (1975); *Ritchey v. Mars*, 227 Pa.Super. 33, 324 A.2d 513 (1974)."

The evidence concerning the defense must be such as would require submission of the issue to a jury. Pa.R.C.P. 2959(e). See also: *Reliance Insurance Company v. Liberati*, 489 Pa. 591, 414 A.2d 1049 (1980); *Weitzman v. Ulan*, 304 Pa.Super. 204, 212, 450 A.2d 173, 176 (1982); *Citizens National Bank of Evans City v. E.H. Bilowich Construction Corporation*, 303 Pa.Super. 193, 197, 449 A.2d 644, 646 (1982); *First Pennsylvania Bank, N.A. v. Lehr*, 293 Pa.Super. 189, 192, 438 A.2d 600, 602 (1981); *Price v. Geller*, 292 Pa.Super. 455, 458, 437 A.2d 763, 764 (1981); *Lincoln Bank v. Kelly*, 282 Pa.Super. 261, 268, 422 A.2d 1106, 1110 (1980).

In the instant case, there is no dispute about the timeliness of appellee's petition to open. The judgment was confessed on July 17, 1979, and a petition to open was filed on July 25, 1979. The issue, rather, is whether appellee has shown that he has a defense to payment of the note.

Vincent Pileggi and Beverly J. Ruane were formerly husband and wife. They were married on September 9, 1950, separated in May, 1966, and divorced in August, 1968. Estelle E. Young is the mother of Beverly Ruane. During her daughter's marriage to Pileggi, she made various advances of money. Some were intended as loans and were to be re-paid; others may have been gifts. Some advances were made to her daughter,[1] others were made to her son-in-law,[2] and some were made jointly to her daughter and son-in-law.[3] After the separation, Mrs. Young began making demands on her son-in-law to repay the loans made to him. On October 1, 1975, a judgment note was prepared by Mrs. Young's attorney and signed by Pileggi. The note was for $10,000.00 and named Beverly Ruane and her mother as payees. It was this note on which judgment was confessed on July 17, 1979.

 The trial court concluded that Pileggi's evidence, if believed, established that the judgment note had been executed under duress. We are constrained to disagree. "Duress has been defined as that degree of restraint or danger, either actually inflicted or threatened and impending, which is sufficient in severity or apprehension to overcome the mind of a person of ordinary firmness .... The quality of firmness is assumed to exist in every person competent to contract, unless it appears that by reason of old age or other sufficient cause he is weak or infirm ... Where persons deal with each other on equal terms and at arm's length, there is a presumption that the person alleging duress possesses ordinary firmness .... Moreover, in the absence of threats of actual bodily harm there can be no

1. Mrs. Young's daughter made purchases from time to time by making use of her mother's credit cards.

2. On April 7, 1959, a loan of $6,000.00 was made by Young to Pileggi, evidenced by bond and secured by mortgage. Another loan of $2,000.00 was made to Pileggi in 1963 for use in his hairdressing business. Also, on September 16, 1966, Pileggi executed and delivered to Young a promissory note for $4,987.65.

3. Rental payments were unpaid under leases executed by both Pileggi and his wife.

duress where the contracting party is free to consult with counsel." *Carrier v. William Penn Broadcasting Company*, 426 Pa. 427, 431, 233 A.2d 519, 521 (1967), quoting from *Smith v. Lenchner*, 204 Pa.Super. 500, 504, 205 A.2d 626, 628 (1964). A threat to institute a civil suit to enforce a right or prevent a wrong does not constitute duress. *Carrier v. William Penn Broadcasting Company, supra* 426 Pa. at 431, 233 A.2d at 521; *Irwin v. Weikel*, 282 Pa. 259, 127 A. 612 (1925); *Kaylor v. Central Trust Co. of Harrisburg*, 154 Pa.Super. 633, 36 A.2d 825 (1944). See also: *Hastain v. Greenbaum*, 205 Kan. 475, 470 P.2d 741 (1970). Similarly, potential embarrassment which may be caused by the filing of a civil action does not constitute duress. See: *Oleet v. Pennsylvania Exchange Bank*, 285 App.Div. 411, 414–15, 137 N.Y.S.2d 779, 783 (1955).

Business compulsion is a species of duress. "The important elements in the applicability of the doctrine of economic duress or business compulsion are that (1) there exists such pressure of circumstances which compels the injured party to involuntarily or against his will execute an agreement which results in economic loss, and (2) the injured party does not have an *immediate* remedy." *Litten v. Jonathan Logan, Inc.*, 220 Pa.Super. 274, 282, 286 A.2d 913, 917 (1971) (emphasis in original). " 'Business compulsion' is not established merely by proof that consent was secured by the pressure of financial circumstances .... [T]here must be more than a mere threat which might possibly result in injury at some future time, such as a threat of injury to credit in the indefinite future. It must be such a threat that, in conjunction with other circumstances and business necessity, the party so coerced fears a loss of business unless he does so enter into the contract as demanded." *National Auto Brokers Corporation v. Aleeda Development Corporation*, 243 Pa.Super. 101, 109–110, 364 A.2d 470, 474 (1976), *allocatur denied*, quoting *Tri-State Roofing Co. v. Simon*, 187 Pa.Super. 17, 20, 142 A.2d 333, 335 (1958). Moreover, it was long ago held that a contract signed because a party is in pressing financial circumstanc-

es and subject to embarrassment, where the other party is not responsible for those circumstances and did not create the embarrassment, is not an adequate basis on which to avoid the contract. *French v. Shoemaker,* 81 U.S. 314 (14 Wall. 314), 20 L.Ed. 852 (1872). In short, " '[b]usiness compulsion' is not established merely by proof that consent was secured by the pressure of financial circumstances or by the fact that one party insisted upon a legal right and the other party yielded to such insistence." 25 Am.Jur.2d, Duress and Undue Influence § 7. See also: *French v. Shoemaker, supra; Production Credit Asso. of Minot v. Geving,* 218 N.W.2d 185 (N.D.1974); *Gill v. S.H.B. Corp.,* 322 Mich. 700, 34 N.W.2d 526, 7 A.L.R.2d 252 (1948); *Norton v. Michigan State Highway Dept.,* 315 Mich. 313, 24 N.W.2d 132 (1946); Anno., Economic Duress or Business Compulsion in Execution of Promissory Note, 79 A.L.R.3d 598 (1977).

Appellee contends that he signed the judgment note under duress because Mrs. Young's attorney had threatened legal action which, he said, "could put me in bankruptcy." He also testified in depositions that his partner in a restaurant business "became very upset" because he feared that the restaurant would be attached. Finally, he testified that Young's attorney told him that it would be embarrassing for his sons to know that he had not assumed his obligations. This was insufficient to warrant submitting to a jury the defense of duress.

■ Neither the threat of legal action nor difficult financial circumstances verging on insolvency constituted legal duress. Similarly, appellee's fear of the potential embarrassment of bankruptcy was insufficient, particularly where, as here, appellee's own attorney had recommended that he consider bankruptcy. Appellee argues, however, that the Young claims were barred by the statute of limitations and that the threat of legal action, therefore, was voiced in bad faith. We find it unnecessary to consider whether the debts were barred in fact, for, in any event, it is clear that Pileggi was free to consult his own attorney regarding the validity of the Young claims. So also, neither

a partner's concern that appellee's interest in a joint business venture was susceptible to attachment to pay appellee's debts nor a child's opinion regarding a father's failure to pay his obligations, although recognizably matters of concern to a debtor, constituted a sufficient basis on which to hold a promissory note voidable for duress. It seems clear, therefore, that appellee failed to produce evidence sufficient to require that his averment of duress be submitted to a jury.

Appellee argued in the court below, although the trial court did not pass thereon, that the judgment note was not supported by consideration because the debts for which it had been given were barred by the statute of limitations. The law is clear, however, that a moral obligation founded upon antecedent valuable consideration will support an express promise to pay. *Estate of Wolf v. Commissioner of Internal Revenue*, 264 F.2d 82 (3rd Cir.1959) (applying Pennsylvania law); *Stelmack v. Glen Alden Coal Co.*, 339 Pa. 410, 415, 14 A.2d 127, 129 (1940); *Volkwein v. Volkwein*, 146 Pa.Super. 265, 271, 22 A.2d 81, 85 (1941); *Stebbins v. County of Crawford*, 92 Pa. 289, 292–293 (1879). A moral obligation to pay constitutes sufficient consideration to sustain a new promise to pay a debt barred by the statute of limitations. Restatement (Second) of Contracts, § 82; 8 P.L.E., Contracts, § 63. See also: *Slayton v. Slayton*, 55 Ala.App. 351, 353–54, 315 So.2d 588, 590 (1975); *Orsborn v. Old National Bank of Washington*, 10 Wash. App. 169, 516 P.2d 795 (1973).

Moreover, the judgment note in this case was under seal. A seal imports consideration, see, e.g., *Brereton Estate*, 388 Pa. 206, 210, 130 A.2d 453, 456 (1957); *Barnhart v. Barnhart*, 376 Pa. 44, 56, 101 A.2d 904, 909 (1954); *Newman v. Sablosky*, 268 Pa.Super. 85, 90, 407 A.2d 448, 451 (1979), *allocatur denied;* and want of consideration, as distinguished from failure of consideration, is not a defense to an action at law on a sealed document. *Barnhart v. Barnhart, supra,* 376 Pa. at 56, 101 A.2d at 909. See and compare: *George W. Kistler, Inc. v. O'Brien*, 464 Pa. 475, 485 n. 5, 347 A.2d 311, 316 n. 5 (1975); *Community Sports,*

*Inc. v. Denver Ringsby Rockets, Inc.,* 429 Pa. 565, 574 n. 5, 240 A.2d 832, 836 n. 5 (1968); *Newman v. Sablosky, supra* 268 Pa.Super. at 90, 407 A.2d at 451. Therefore, want of consideration was not available to appellee as a defense to payment of the confessed judgment.

■ Finally, appellee contends that the judgment cannot be enforced against him alone because some or all of the antecedent obligation was owed jointly by him and his former wife, Beverly J. Ruane. There is no merit in this contention. The instant judgment was confessed on a note signed solely by appellee. He is the sole obligor thereon. The validity of the note is not affected because the person to whom the antecedent obligation was owed added to the note the name of a co-obligee acceptable to her. The mere fact that appellee may have a possible cause of action against his former wife if he pays more than his share of a joint obligation is not an adequate reason for opening judgment confessed on appellee's written obligation. If such a claim can be shown to exist, it can be pursued in a separate action.

The order opening the judgment is vacated, and said judgment is reinstated.