## Williams and Co. Inc. v. PEL Refrigeration Service Co.

*Raymond McGarry,* for plaintiff.
*Steven A. Cotlar,* for defendant.

GARB, *P.J.,* December 23, 1991—Defendant has petitioned to open a judgment entered in an amicable action in Allegheny County. That judgment has now been entered in Bucks County, and execution issued thereon. A rule was entered pursuant to the petition, a reply was filed, and depositions taken.

We determine that the petition to open the judgment must be denied.

This action was instituted in Allegheny County by virtue of an agreement for an amicable action filed under Pennsylvania Rule of Civil Procedure 1007(3). The instruments underlying this amicable action are a promissory note from defendant to plaintiff duly executed by the defendant on behalf of its president, Thomas A. Genesio, who is also a party individually in this action, a promissory note having been executed on December 10, 1988. On the same date, there is an agreement of guaranty and suretyship executed by the defendants herein, both individually and jointly and for the benefit of the plaintiff herein. Thirdly, on June 29, 1989, the agreement for amicable action was filed in Allegheny County, duly executed by counsel for both plaintiff and defendants. On July 5, 1989, judgment was entered in the Court of Common Pleas of Allegheny County on this agreement for amicable action. The judgment was entered as a result of an order presented to the court in Allegheny County duly executed and consented to by counsel for both parties as well as Thomas A. Genesio, individually and as the president of PEL Refrigeration Service.

We have found no authority setting forth the standard to be applied to a petition to open a judgment entered by agreement. We would presume that, at the very least, fraud or its equivalent in the inducement would constitute a basis for opening such a judgment. Defendants assert that the standards for opening a judgment by confession are applicable. We are not necessarily convinced that is the appropriate standard because when judgment is taken as a result of a confession of judgment note, at the time of execution, it is not yet appropriate, in most cases, to enter the judgment. Here, the action

was filed by agreement and the judgment was entered by agreement. In any event, even if we apply the standards applicable to opening a confessed judgment, the defendants have not established adequate cause. To open a confessed judgment, a party must act promptly, allege a meritorious defense, and present sufficient evidence of that defense to require submission of the issues to a jury. *Young v. Pileggi*, 309 Pa. Super. 565, 455 A.2d 1228 (1983) and *Bell Federal Savings and Loan Association of Bellview v. Laura Lanes Inc.*, 291 Pa. Super. 395, 435 A.2d 1285 (1981). Clearly, defendants have not alleged any meritorious defense to the judgment. They have furnished no evidence regarding the merits of the claim that is made for which they signed the agreements of guaranty. They have asserted no defense regarding the merits of the promissory note which they executed in favor of the plaintiff. Their only explanation for executing these documents and the amicable action is the alleged pressure brought to bear upon them by their own attorney. There is no suggestion of any fraud or undue influence by or on behalf of the plaintiffs. It is even unclear on this record whether they attribute pressure by counsel to their execution of the promissory note and the instrument of guaranty or only to the amicable action itself. In either event, it hardly constitutes a defense or an appropriate reason to open this judgment.

For the foregoing reasons, we enter the following

## ORDER

And now, to wit, December 23, 1991, it is hereby ordered that the rule of January 12, 1990, to show cause why the judgment should not be opened and/or stricken, and defendants let into a defense, is discharged.